East'n. District.
*April* 1825.

GURLIE & AL.
*vs.*
COQUET.

An appeal lies from the order of a court ordering a writ of seizure and sale.

The plaintiff cannot proceed at once by the *via executiva* and *via ordinaria.*

*GURLIE & AL.* vs. *COQUET.*

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This suit is founded on several promissory notes made in negotiable form, and is instituted by the endorsers against the maker. The plaintiffs claim also, as a security for the sum due by the said notes, the benefit of a mortgage given on certain lots, houses and negroes, as set forth in their petition; alleging that it was executed by the defendant, in relation to the contract, which gave rise to the negotiable notes above stated. The petition commences in ordinary form, and sets out in general terms the causes of complaint on the part of the plaintiffs, and concludes with a prayer for process and judgment in the usual manner; and also, an additional prayer for an order of seizure and sale of the mortgaged property; which was granted by the judge *a quo.* The defendant on appearing, moved the court to set aside the order of seizure, and filed his answer, by which he excepts to the form of the action and pleads the general issue. On hearing, the motion to annul the

order of seizure and sale, was overruled, and the defendant appealed.

East'n. District.
*April* 1825.

GURLIE & AL.
*vs.*
COQUET.

The appellees contend that the appeal must be dismissed.

1. Because no appeal lies from an order of the judge below given *in limine litis.*

2. Because the decree of the district court by which the defendant's motion to annul the order of seizure was overruled, is not signed.

3. Because the two first points made by the appellant before this court, were not made in the court below.

The first ground assumed by the counsel for the plaintiffs, on which he claims a dismissal of the appeal, contains in it the question, whether an appeal lies directly from an order of seizure and sale issued by any of the inferior courts of the state ? This question has been already settled in the case of *Tilghman* vs. *Dias*, 12 *Martin*, 691; an order of seizure is there expressly recognized as a judgment; and that such a decree is final in its nature cannot be doubted. It is also evident that if errroneously made, it might do an irreparable injury to the party against whom it may be pronounced.

Considering this appeal as taken directly

GURLIE & AL.
*vs.*
COQUET.

from the order of seizure which was signe d, we deem it unnecessary to examine the appellant's second ground, for a dismissal, which rests solely on the want of signature to the order by which the defendant's rule to shew cause, &c. was discharged.

If the reasons urged on us to dismiss the appeal, based on the ground of the defendant not having expressly alleged in the court below, the points, by him relied on in this court, have any great weight or importance in themselves, in relation to fairness and correctness in judicial proceedings; that weight is, in our opinion balanced by the plea found in the answer, being an exception to the manner and form of the suit.

Admitting, therefore, the appellant's right to maintain his appeal, it becomes our duty to enquire into the correctness and legality of the proceedings of the court below. The object of the appeal is a reversal of the order of seizure and sale. The reasons for which this reversal is claimed, are set forth in the appellant's points filed in the cause, which are four in number: but being of opinion that he ought to prevail on the two first, we will examine these only. First, he alleges that the seizure

East'n. District.
*April* 1825.

GURLIE & AL.
*vs.*
COQUET.

and sale were improperly ordered; because the plaintiffs chose to sue; and were obliged to sue by the *via ordinaria.* Second, because both modes of proceeding, by ordinary suit and order of seizure and sale, cannot be maintained at the same time.

The summary judicial proceeding in our courts by seizure and sale, granted in the first instance, in *limine litis*, on authentic instruments, having the force of a judgment; known to the Spanish jurisprudence by the denomination of *juicio executivo*, is derived to us solely from that jurisprudence, and must, therefore, be entirely under the government of rules to be found in those laws of Spain which were, and are still, binding on the inhabitants of this state. So little have our legislature interfered with this mode of proceeding, that it seems yet to depend exclusively on the ancient laws of the country: to these, therefore, we must resort for the proper solution of any question which may arise in the administration of justice in this mode. According to the doctrine taught by these laws, *the juicio executiva* is an extraordinary judicial remedy; and, on pleading legal exceptions, is easily changed into the *via* or *juicio ordinario*, unless the executive way be

East'n. District.
*April* 1825.

GURLIE & AL.
*vs.*
COQUET.

pursued *stricto jure.* The same facility appears not to be allowed in changing the pursuit from the ordinary to the extraordinary and summary judgment. The authorities cited and relied on by the appellant's counsel, it is believed support his pretensions.

It appears that doubts are entertained, whether a suitor could, before having commenced his action in the *via ordinaria*, abandon his pursuit in that way on paying costs, and resort to the *via executiva*; but the opinion seems to prevail, that a creditor, who had the choice of either mode of proceeding, and has chosen the ordinary, cannot, after the *contestatio litis*, abandon that and pursue the extraordinary remedy, without the acquiescence of the debtor. In the present case, an attempt is made to combine the two actions, ordinary and extraordinary; and the order of seizure seems to have been granted before the answer was filed, previous to which, perhaps, the plaintiffs would have been at liberty to dismiss or abandon their suit in common form, and pursue the *via executiva.* But they pertinaciously held to both, until the *contestatio litis*; and cannot now change the ordinary action into the *juicio executivo*, without the consent of the defendant.

It is difficult to imagine any thing that would be more absurd in judicial proceedings, than to allow both ways to be pursued at the same time. The object of a suit by petition and citation, in the ordinary mode prescribed by our laws, is to obtain judgment; whilst a resort to the extraordinary way, by immediate order of seizure and sale, must be supported by something which has the force and effect of a judgment.

The manner of proceeding attempted by the plaintiffs, is not an attempt to cumulate different causes of action into one suit, but to pursue one cause of action, by claiming the benefit of two remedies for a single wrong, which appears to us to be unjust, oppressive, contrary to reason, and of course contrary to law. We are therefore of opinion that the plaintiffs ought not to be allowed to proceed on their order of seizure, but must be confined to their ordinary suit, since they have failed to dismiss it before the *contestatio litis.* This opinion is based on the supposition that the *via executiva* might have been legally pursued by them, yet that is a question not decided by us, because its decision is not necessary in our present judgment. See the authorities cited by the defendant's

East'n District,
*April* 1825.

GURLIE & AL.
*vs.*
COQUET.

counsel, *Curia Phil. via executiva, no.* 1 & 2, and *Febrero, p.* 2, *b.* 3, *chap.* 2, *no.* 113 & 115, and *no.* 72 *of chap.* 1, *same book.* Although there is some apparent contradiction in these authorities, we believe a just interpretation of them, supports the decree about to be pronounced.

It is therefore ordered, adjudged and decreed, that the order of seizure and sale in this case, granted by the judge *a quo*, be avoided, reversed and annulled, and that the cause be remanded to the district court, to be proceeded in, according to the ordinary and legal course of actions instituted in the usual form; it is further ordered, that the appellees pay the costs of this appeal and all costs occasioned by said order of seizure.

*Seghers* for the plaintiffs, *Dennis* for the defendant.