East'n. District.
*June* 1825.

MARIGNY
*vs.*
HUNT.

---

## SKIPWITH & AL. vs. GRAY.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. The petition sets out a public act, by which the defendant mortgaged to the plaintiffs, certain land and slaves in the parish of East Baton Rouge. It prays for an order of seizure and sale, for a certain sum which it states to be due, and that the defendant may be cited, and judgment rendered against him with costs.

Several objections were taken to the regu-

Plaintiff cannot proceed at the same time with an order of seizure and a suit in the ordinary way.
If they be both resorted to, the *via executiva* merges in the *via ordinaria.*

East'n. District.
June 1825.

Skipwith
& al.
vs.
Gray.

larity of this proceeding. We deem it necessary to notice those only, which we consider decisive of the case.

It is objected first, that the plaintiffs cannot proceed at the same time with an order of seizure and sale; and an action in the ordinary way to obtain judgment.

This question received a very particular examination from the court in the case of *Gurlie and Guillot* vs. *Coquet*, decided last April term. We there came to the conclusion after an examination of the Spanish authorities, that both ways could not be pursued at the same time; and that if both were resorted to, the *via executiva*, merged in that of the *via ordinaria*.

The judgment rendered in that case, remanmanded the cause to be proceeded in, according to the ordinary and legal course of actions instituted in the usual form; and this case would receive a similar one, were we not met by an objection taken in *limine litis*, that the court in which the action was instituted, had no jurisdiction of it.

In the opinion just read, in the case of *Marigny* vs. *Hunt*, we have expressed our ideas in relation to the action of mortgage, and the tribunal before which it should be com-

East'n. District.
June 1825.

SKIPWITH
& AL.
vs.
GRAY.

menced. It would be useless to cite again the authorities, and repeat the same reasoning here. Our conclusion is principally drawn from the statute, which declares, that, no person shall he sued in any civil action in any other parish, but in that wherein he shall reside, *any law to the contrary, notwithstanding.* Admitting any previous law to the contrary were shown, it would be a matter of very serious doubt, if this statute did not repeal it; but the industry of counsel has not furnished us with any, and our own researches have been equally unsuccessful.

We have, however, been referred to the act of 1817, as it is generally called; passed subsequent to the act already cited, by the 6th section of which it is provided, "that in any real action were there are *two* or *more* persons concerned, and residing in several districts, in matter of partition, mortgage or revindication of real property the judge of the place where the property is situated shall have cognizance of the case."

It is contended that the true meaning of these expressions, "where there are two or more persons concerned," is not two or more persons whom it is necessary to make defen-

East'n. District.
*June* 1825.

SKIPWITH
& AL.
*vs.*
GRAY.

dants; but that where the plaintiff is concerned, and the defendant concerned, there are the two persons contemplated by law, and that in such case, the court where the property is situated, has cognizance of the cause.

If this be the true construction, then it follows, that in no case whatever has any other court jurisdiction, but that where the property is situated, for to every case there must be plaintiff and defendant. And yet, if such had been the intention of the legislature, it is to be presumed they would have said in direct terms, that all actions for real property should be brought where it was situated. The act by enumerating a particular class of cases, in which the action might be brought where the property is situated, justifies the conclusion that *every* case was not embraced by it. The interpretation relied on includes *all*.

That construction cannot receive our sanction. Taking the passage already quoted and reading it with the remaining part of the same section which points out the manner the different parties concerned shall be cited, we have not the least doubt that in the actions of mortgage, and revindication, the law contemplated those cases, where there were two or more persons interested as defendants. In the

East'n. District.
June 1825.

SKIPWITH
& AL.
vs.
GRAY.

action of partition it may suffice to give the court jurisdiction where the thing is situated, that two persons should be parties to the suit, because each has an interest in the thing: neither claims to the exclusion of the other, and consequently, there are two *concerned*, in the contemplation of the law. See the case of *Kilgour* vs. *Ratcliff*, *vol.* 2, 292.

It is therefore ordered, adjudged and decred, that the judgment of the district court be affirmed with costs.

*Watts and Lobdell* for the plaintiffs, *Hennen* for the defendant.