### *DE GRUY'S SYNDIC vs. HENNEN.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

Both remedies cannot be pursued at the same time, and after the *juicio executivo* is turned into the *juicio ordinario*, the former cannot be again resorted to.

The execution being unauthorized by the judgment, could confer no title on the creditor by whom this irregularity was committed.

A breach of professional duty cannot affect the legal right of parties, and can only be inquired into when regularly before the court.

The circumstances of this case are these. In 1812, De Gruy, a planter, became insolvent and filed his petition and schedule in the superior court for the first judicial district—amongst the property surrendered was a tract of land at Barataria, which the syndics having in vain offered for sale, prayed the court to homologate the tableau of distribution as it stood. Thomas Durnford, one of the creditors, opposed it on the ground of its homologation invading his rights as mortgagee of the property at Barataria, for three thousand eight hundred dollars—his opposition was overruled and the tableau homologated. In 1819, Durnford filed a petition citing

Eastern District,
*July* 1831.

DE GRUY'S SYN-
DIC
*vs.*
HENNEN

the syndics of De Gruy's, stating his mortgage and praying for seizure and sale which was granted, but was then arrested by the syndics coming in and answering. After regular process there was judgment for Durnford. A new order of seizure and sale was served and the property struck off for twenty-seven hundred dollars, which the purchasers refused to pay until it was exposed again for sale—when the former purchasers arrested the sale by paying their former bid—the court below thinking the sale defective a *pluries* order of seizure and sale was served, and the property was struck off to the defandant, Hennen, who after some time applied to the sheriff for a title—an injunction issued at the application of the syndics; there was judgment in their favor, and the defendant appealed.

*Porter, J.* delivered the opinion of the court.

The insolvent filed his *bilan* so far back as the year 1812; a considerable portion of his estate was sold and reduced into cash by the syndics, who in November 1814, filed a tableau of distribution. Among the property surrendered was a tract of land at Barataria. In the tableau of distribution the syndics stated that they had exposed this tract three times for sale, and could not find purchasers.

The money on hand was distributed, and the land remained unsold up to the year 1820—in that year, one Durnford, who had a mortgage on it, applied for and obtained an order of seizure and sale. The syndics made opposition to this proceeding, but after a trial on the issue joined between the parties, the court set aside the opposition, and suffered the plaintiff to proceed with his execution. The land was sold, but a third party having set up title to it, the purchasers refused to pay the price, until a good title could be given to them—on their refusal the plaintiff took out an alias writ of execution. The purchasers opposed this step, and paid the money into the hands of the sheriff, but the court was of opinion that as the sale was for cash, the bidders could not

first refuse payment, and then on a change of opinion on their part, claim a right to make that payment and hold the premises.—*See* 8 *N. S.*

In consequence of this decision of the court, the plaintiff proceeded under another execution, and the premises were sold by the sheriff to the defendant, Hennen, who it is admitted was the agent of Durnford, the plaintiff, and purchased for him. From some cause or other, of which the record does not give information, the buyer did not obtain a deed from the sheriff, nor did the syndics ever claim the surplus money over and above the debt due the plaintiff. In the year 1829 the buyer demanded a deed from the sheriff, but was injoined at the suit of the plaintiffs from obtaining it.

The cause was submitted to a jury in the court below, who found for the plaintiffs. The defendant appealed.

The sale is alleged to be null and void, on the ground that by law the property of a bankrupt can only be sold by his syndics, and is not subject to the execution of each individual creditor.

And if it be not null *ab initio* the plaintiffs insist the defendant has lost the right to demand a title, after suffering nine years to elapse without paying the purchase money.

While the plaintiffs and the purchasers under the execution first issued were contesting the effect of it, the former, for what object it is not well perceived, changed the proceeding (into the *juicio ordinario*) and obtained judgment against the defendant in the following words.

"Whereupon, after reading the documents annexed to the petition of the plaintiff, and the court being of opinion that the claim of the plaintiff has been sufficiently proved—order, adjudge and decree, that judgment be entered in favor of the plaintiff against the defendant, for the sum of three thousand eight hundred dollars, together with interest thereon, from the day of the judicial demand, *viz.* 23d April, 1829, until paid, and costs of suit."

However, on the decree of the supreme court being ren-

dered, setting aside the sale in the *juicio executivo* the plaintiff seems to have reverted again to that mode of proceeding, for we find that he took out a pluries order of seizure, and under it the land was sold to the defendant. This was quite irregular. It has been already settled that both these remedies cannot be persued at the same time, and that after the *juicio executivo* is turned into the *juicio ordinario*, the former cannot be resorted to. In this instance the plaintiff instead of issuing a writ of *fieri facias*, (if indeed he could have taken out an execution against the insolvents property) in pursuance of his judgment, chose to continue the original executory process, and sell the property under it. The execution being unauthorized by the judgment, could confer no title on the creditor by whom this irregularity was committed.

The attorney who represents the present plaintiff, was the gentleman under whose advice the plaintiff in execution first resorted to the *juicio executivo* to enforce his claim against the syndics of the insolvent. And it has been complained to the court, as a breach of professional duty, that he should now attempt to set aside proceedings which emanated from his counsel and advice. The conduct of this gentleman cannot affect the legal rights of the parties; and it would not be proper in us to express any opinion on it, unless regularly brought before the court.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

Eastern District,
July 1831.

DE GRUY'S SYNDIC
*vs.*
HENNEN

Both remedies cannot be pursued at the same time, and after the *juicio executivo*, is turned into the *juicio ordinorio*, the former cannot be again resorted to.

The execution being unauthorized by the payment, could confer no title on the creditor by whom this irregularity was committed.

A breach of professional duty cannot effect the legal right of parties, and can only be inquired into when regularly before the court.