FRENCH et al., Commissioners *v.* STANTON et al.

One who has received money for the use of the commissioners of a bank in liquidation under
    the statute of 9 March, 1842, connot plead in compensation a debt due to him as a depositor
    by the bank before its failure.

APPEAL from the District Court of the First District, *Buchanan*, J.
        The defendants appealed from a judgment in favor of the plaintiffs for an
amount admitted to have been received by them for the use of the plaintiffs, the
payment of which was resisted on a plea of compensation. The judgment re-
served to defendants the right to claim the amount alleged to be due to them in
the *concurso.*

*Hoffman*, for the plaintiffs.    *Bradford*, for the appellants.

The judgment of the court was pronounced by

Eustis, C. J.   Under the bank law of the 9th March, 1842, (Laws of 1842, p. 234,) at the instance of the State, the charter of the Atchafalaya Railroad and Banking Company was decreed to be forfeited, for their neglect and refusal to pay specie during more than ninety days consecutively.

This forfeiture was pronounced by the Supreme Court, in May, 1843.   5 Robinson, 65.

The commissioners of the bank charge that the defendants are indebted to them in the sum of $553,91, for so much money advanced and received by them for the use of the plaintiffs, from the correspondents of the commissioners in New York.

The defendants admit that they are in receipt of this sum from the correspondents of the plaintiffs in New York, but they plead that they have a right to retain the amount, by reason of the bank being indebted to them in a like sum—being the balance of their deposit account with the bank, due in February, 1842.

There is no controversy about the facts, and the case turns on the right of the defendants to retain the amount, by reason of the compensation which they allege has taken place between these two debts.

The deposit debt was due by the bank before its failure : the debt claimed by the plaintiffs is due to the commissioners.

It is obvious that no liquidation of the affairs of a bank, in a situation like this, could ever be effected, if the money collected by the commissioners was convertible into the obligations of the bank, at the will of any party in whose hands it might be accidentally placed.

The rights of debtors to pay their debts to certain banks in the obligations of those corporations, which are provided for by the statutes in relation to banks, relate to debts contracted before the forfeiture of their charters.

In the present instance, the money was received to be paid to the commissioners of the bank.   It had no connection with the business of the bank, previous to its failure ; and we cannot perceive on what principle the defendants entrusted with the payment of this sum, can connect in any manner with their own claims on the bank.

So far as relates to the present inquiry, we are bound to consider this bank as insolvent ; and its affairs, except so far as is otherwise expressly provided by statute, must be settled according to the principles which govern the administration of insolvent estates.   Laws of 1842, p. 246, § 24.   *Judgment affirmed.*