E. M. JENKINS, tutor *v.* GRIGSBY, et al.

Where plaintiff prays that defendant " be notified of his demand by service of citation and a copy
of the petition," and defendant is cited in the usual way it will be regarded as an ordinary action.
If plaintiff who has a right to an executory proceeding selects the ordinary process, the defendant
has a right to answer, and after issue joined, the plaintiff is precluded from discontinuing the
ordinary, and resorting to executory action.

APPEAL from the District Court of Caddo. *Creswell, J.*
   *Landrum & Williamson,* for plaintiff. *Hodge & Austin,* for defendant
and appellant.

MERRICK, C. J. The plaintiff being the holder, in her capacity of tutrix,
of paper secured by mortgage on property in possession of the defendant as
third possessor, filed her petition in the District Court for the parish of Caddo,
setting forth her cause of action and concluding with the following prayer:

"Wherefore petitioners pray, the premises being considered, that the said
*John V. Grigsby* who is now present, and in the parish of Caddo, be notified
of this demand by service of citation, and a copy of this petition, and that on
his default to return the property above described, or to pay the sum heretofore
set forth and claimed, that an order of seizure and sale issue to the sheriff of the
parish of Caddo, commanding him to seize and sell the said parcel of land, and to
pay out of the proceeds, thereof, to petitioner, $4,725 &c., and for all neces-
sary orders and decrees, and for general relief."

Citation in the usual form issued and was served with the petition upon the
defendant in January, 1857.

On the 30th of May, the cause was by order of the court set for trial on the
5th of June. On the 5th of June, an order was entered on the minutes grant-
ing a delay until June 8th, for defendant to answer and fixing the cause for
trial on the 9th of same month. On the 9th day of June, the defendant of-
fered to file his answer, which was objected to, on the grounds that action was
*vide executiva,* and therefore defendant had no right to file an answer, and that
he has no right to call *Lewis K. Grigsby* in warranty. The court refused to
allow the defendant to file his answer on the first of those grounds, and defend-
ant excepted.

The case was afterwards reassigned for trial and judgment rendered in favor of
plaintiff, ordering the land to be seized and sold to satisfy the plaintiff's de-
mand.

The first question presented by the defendant and appellant is, did the court
err in refusing to allow defendant to file his answer?

In the answer, the defendant joined by his vendor and warrantor, sets up
various defences to the plaintiff's action. If, therefore, he had a right to
file the same in the lower court, the cause must be remanded, to allow him to
prove his allegations.

The Code of Practice divides actions into three kinds, ordinary, executory
and summary. Art. 97. The ordinary action is where citation takes place
and all the delays and forms of law are observed. They are executory when
the seizure is obtained against the property of the debtor, *without previous*

*citation* in virtue of an Act or title imparting confession of judgment, or in other cases provided by law. They are summary when carried on with rapidity and without the observance of the formalities required in ordinary cases. Art. 98. According to the foregoing definition the action instituted in this case was an ordinary action. It was, at the prayer of the plaintiff, preceded by a citation calling upon the defendant under the mandate of the court to *answer* the plaintiff's demand within the delays allowed by law in ordinary cases. The plaintiff had the option to resort to this mode, or to obtain an order of seizure and sell without previous citation as allowed by Art. 734 of the Code of Practice. Having made his selection, the question arises is he so bound by it that he cannot recur to the executory process. Possibly so long as the *contestatu titis* had not been formed in this suit, he had the right to discontinue, pay costs, and commence *de novo* in the other form of the action. However, this may be, it is clear that so long as this suit was pending, the plaintiff could not resort to the executory process, as so soon as an issue had been tendered by the answer, the plaintiff's citation had become absolute and he was forever precluded from resorting to that proceeding. 3 N. S. 501, 504 *Gurtée* v. *Cognet.* 2 L. R. 547. *De Gruy Syndic* v. *Hennen.* 2 Ann. 489.

The defendant had, therefore the right to file his answer and to be heard upon his allegations therein as in other cases.

It is ordered, adjudged and decreed, by the court, that the judgment of the lower court be avoided and reversed, and that the case be remanded to the lower court with instructions to the same to receive and cause the answer of the defendant annexed to his bill of exceptions to be filed, and otherwise proceed according to law, the plaintiff paying the costs of the appeal.