LAND, J.
In December, 1908, the plaintiff ■sold to the Craighead Company several tracts •of timber land in the parish of St. Landry, aggregating 680.73 acres, for the price of $5,-445.84, half cash, and the balance represented by the note of the purchaser for $2,722.92, payable one year after date. The act of sale and mortgage contained the pact de non alienando, imported confession of judgment, .and contained the usual stipulations found •in authentic acts of that character.
In February, 1909, the Craighead Company .sold the same tracts of land to the Port Barre Lumber Company, a corporation domi■ciled in the city of New Orleans.
In June, 1909, the Interstate Trust & Banking Company was appointed receiver of the Port Barre Lumber Company by order •of the civil district court, parish of Orleans, .and qualified as such according to law.
In March, 1910, the present suit was instituted by the plaintiff against the Craighead Lumber Company and the receiver of the Port Barre Lumber Company to recover the •amount of said note, with interest, attorney fees, and costs, and to foreclose said mortgage and vendor’s privilege on the tract of land sold and conveyed as aforesaid. Plaintiff also sued out a writ of sequestration to prevent the further denudation of the land •of the timber growing thereon during the pendency of the suit.
The Craighead Lumber Company made no ■defense. The receiver of the Port Barre Lumber Company appeared and obtained a release of the property from seizure by giving bond with security in the sum of $8,500, conditional according to law. The’receiver then filed a motion to dissolve the writ of sequestration on the grounds:
That it is not alleged that the person signing the bond or making affidavit for the writ was authorized to represent the plaintiff in the premises.
That it is not alleged that the affiant believes that the property mortgaged will be removed out of the state before plaintiff can have the benefit of its mortgage.
That the property sought to be sequestered is in the hands of the civil district court for the parish of Orleans, through its duly qualified receiver, and that therefore the district court of St. Landry parish is without jurisdiction to sequester said property.
The receiver next filed an exception to the jurisdiction of the court, ratione personae and ratione materise. The first ground was maintained, and the second was overruled.
The receiver, reserving the benefit of his motion to dissolve and exception, answered, pleading the general issue.
The case was tried, and there was judgment against the Craighead Lumber Company as prayed for, with recognition of plaintiff’s special mortgage on the lands in question, and maintaining and perpetuating the writ of sequestration. The judgment recited that the decree was “in rem only and only” against the Craighead Lumber Company. It was further ordered and decreed that the property be sold by the sheriff, at public auction, for cash, and that out of the proceeds of the sale the plaintiff be paid by preference the amount of the judgment, with interest, attorney’s fees, and costs, and that for any unpaid balance of the judgment the plaintiff should have recourse on the release bond given by the receiver.
The receiver has appealed, and plaintiff has not prayed for an amendment of the judgment.
*1079 The receiver was appointed to preserve and administer the assets of the corporation for the benefit of all concerned, as provided by paragraph 8, § 1, of Act No. 159 of 1898. The functions of such a receiver are analogous to those of a syndic or trustee of an insolvent or bankrupt estate. The appointment of a receiver is a species of execution or sequestration, which vests in the receiver, as the agent of the court, title to the property of the corporation, with the right of possession. State v. Ellis, 108 La. 531, 32 South. 335; In re Receivership, etc., v. Cotton Mill Co., 109 La. 875, 33 South. 903; Blaise v. Security Brewing Co., 124 La. 979, 50 South. 816.
The general rule is that:
“Where property is in the possession of, and subject to the' jurisdiction of, one court, another court of concurrent jurisdiction cannot interfere with the possession of the former.” 11 Cyc. 988.
“Property in the custody of a court through its receiver will not be interfered with by another court.”. Id., note.
The Code of Practice provides that:
“In matters relative to failure, all the suits already commenced, and which may be subsequently instituted against the debtor, must be carried before the court in which the failure has been declared.” Article 165.
The word “failure,” as thus used, means declared insolvency. As the insolvent laws of the state did not apply to corporations, the Legislature in 1842 passed two acts providing for the liquidation of banks, and the court held that these acts intended that all contests as to the liabilities of banks in liquidation should be cumulated before the court putting them in liquidation. Dorville v. Citizens’ Bank, 9 Rob. 362; French v. Stanton, 1 La. Ann. 8. It was also held that courts have power to appoint receivers to liquidate insolvent corporations, if there be no other person provided by law to effect such liquidations, whenever necessary to preserve the interest of all concerned. Stark v. Burke, 5 La. Ann. 740; Citizens’ Bank v. Levee Co., 7 La. Ann. 286.
The Constitution of 1898 vested in the district courts of the state jurisdiction “of all proceedings for the appointment of receivers or liquidators to corporations or partnerships.” See articles 109, 133. In the same year, the Legislature passed Act No. 159, to authorize and regulate the practice of appointing receivers of corporations, and vested the power of appointment in the district court of the domicile of the corporation. As to corporations unable to meet their obligations, the statute is an insolvent law, and the receiver performs the functions-of a syndic of an insolvent, and receives the same compensation, whenever the power ■ is not conferred upon him to conduct the business of the corporation as a going concern. As there is no difference in principle between the insolvency of an individual, and that of a bank, or other corporation, quoad, the administration and distribution of the assets by the court in which the insolvency has been declared, it may be presumed that the lawmaker intended that all suits relative to insolvent estates should be instituted before the same tribunal. This rule applies to successions, and to all other proceedings where there is a concursus ereditorum.
Under the insolvent laws of the state, the cession stayed all further proceedings, even by executory process, against the debtor, and the property by him surrendered. Hennen’s Digest, vol. 1, p. 687.
By Act No. 15 of 1894, it was provided that creditors holding special mortgages containing the pactum de non alienando shall not lose their rights of executory process upon the property of their debtor, by reason of a cession of property, but in such cases the right shall continue and be exercised against the syndic.
By Act No. 25 of 1902, the same right to executory process was made applicable to cases where receivers have been appointed *1081 :and bold possession of the mortgaged prop•erty for the purposes of liquidation. In •such a case, it has been held that executory process may be sued out against a receiver in the court of the parish in which the property. is situated. W. W. Carre Co. v. International Car Co., 128 La. 664, 55 South. 9. It has also been held that, where a sale is made under executory process sued out against a receiver under Act No. 25 of 1902, such officer has-no right to receive the proceeds for the purposes of distribution. Interstate Trust & B. Co. v. Powell Bros. & Sanders Co., 128 La. 1004, 55 South. 654.
The acts of 1894 and 1902 excepted executory process from the general rule prohibiting the seizure and sale of property in the hands of a syndic or receiver, by process from a court of concurrent jurisdiction over the res, or the person of the debtor. The •exception proves the rule.
The suit brought by the plaintiff is an ordinary action to recover judgment in personam, and to foreclose a mortgage, and was accompanied by a writ of sequestration to take the property out of the hands of the receiver pendente lite. The judgment maintained the sequestration, and ordered the sale of the mortgaged premises to pay the claim of the plaintiff, and made the receiver liable on his release bond for any deficit in the proceeds of the sale of the property.
It is too well settled for dispute that the plaintiff by suing via ordinaria waived the right to proceed by executory process. Jenkins v. Grigsby, 12 La. Ann. 642; Gurlie v. Coquet, 3 Mart. (N. S.) 498; Weimprender v. Fleming, 8 Mart. (N. S.) 96; Skipwith v. Gray, 3 Mart. (N. S.) 655; De Gruy's Syndic v. Hennen, 2 La. 544; Carlin v. Gordy, 32 La. Ann. 1285. See, also, Succession of Patrick, 25 La. Ann. 154.
It is therefore ordered that the judgment ■appealed from, in so far as it maintains the ’■writ of sequestration and orders the sale of the mortgaged premises, be annulled, avoided, and reversed, and it is now ordered that the writ of sequestration be dissolved, and that plaintiff’s suit against the defendant receiver be dismissed, with costs in both courts.