Plaintiff alleges in his petition that in June, 1945, he deposited with the Sheriff of Ascension Parish the sum of $600 as a cash bond to secure the release of his daughter from custody under a criminal charge pending against her in Ascension Parish; that in February, 1946, the State entered a nolle prosse of the case against his said daughter, and ordered her released from custody; that on her release from custody, petitioner as the owner of the cash deposit became entitled to its possession; that the administratrix of the succession of one Morris O. Brittain claims the right to the possession of the said sum of $600 in the possession of the Sheriff as aforesaid; that, while the said sum of money was delivered to the Sheriff by Morris O. Brittain, who has since died, yet the same was delivered to the Sheriff by him merely as the agent of plaintiff, and the said money at all times belonged to plaintiff.
Plaintiff alleged that he feared that the Sheriff would part with or dispose of said money in his hands by delivering it to the administratrix of the succession of said Morris O. Brittain, and he prayed that the money be sequestered in the hands of the Sheriff until the ownership of said fund can be determined; that the Sheriff as the stakeholder of the fund and the administratrix of the succession of Brittain be duly cited to appear and answer the petition, and after due proceedings had, there be judgment in his favor and against said administratrix decreeing plaintiff to be the sole owner of the fund, and ordering it delivered to him.
The writ of sequestration issued and process was served on the defendants. The deceased Brittain was a resident of Lafayette Parish, and his succession was opened and the administratrix appointed in the district court of that Parish. The administratrix filed an exception to the jurisdiction of the court of Ascension Parish, ratione personae and ratione materiæ, which exception was sustained and plaintiff's suit dismissed. From this judgment of dismissal plaintiff has appealed.
The trial judge maintained the exception on the ground that the administratrix is invested by the court of her appointment with the possession and control of all the property of the succession of Brittain, and any suit against her respecting the ownership and possession of this $600 would have to be brought in the district court of Lafayette Parish where the succession is being administered.
Article 164 of the Code of Practice requires certain claims against a succession to be brought before the court in which the succession is being administered, including a suit by the creditors of the deceased previous to a partition of the succession property.
In this case, the plaintiff is not suing as a creditor of the deceased nor does his action come within any of the other matters pertaining to successions covered in Article 164 of the Code of Practice. The administratrix does not have possession of this money, nor has she ever had such possession so far as the record shows. The mere fact that the fund is listed in the inventory of the Brittain succession does nothing more than list a claim to a fund in the hands of the Sheriff of Ascension Parish, who admittedly has the money in his possession. The locus of the fund is in Ascension Parish under the jurisdiction of the Court of that Parish, and the administratrix who is claiming the right of ownership and possession for the succession of Brittain must come to that court to litigate her rights where another is claiming the fund. Certainly, Brittain himself would have been required to litigate his claim to the fund in the court of Ascension Parish.
Moreover, it is clearly provided in Article 163 of the Code of Practice that in all cases of sequestration the defendant may *Page 88 
be cited within the jurisdiction of the court where the sequestered property is located, provided the judgment rendered in cases where the defendant resides out of the jurisdiction of the court, shall be in rem only, and the defendant cannot be held for any excess in personam. The plaintiff in the present case is not asking for a judgment in personam against the administratrix, but is only asking for possession of property in the hands of the Sheriff of Ascension Parish and has sequestered the property located in that Parish. Under Article 275 of the Code of Practice, property may be sequestered where the plaintiff claims the right to the possession of the property and fears that the party having possession may send the property out of the jurisdiction of the court during the pendency of the suit.
The trial judge cited and relied on the case of Board of Missions of Methodist Episcopal Church South v. C. D. Craighead Co., Ltd., et al., 130 La. 1076, 58 So. 888, in support of his decision. That case is not similar to the present case. The cited case was an action to foreclose a mortgage by ordinary process, and the suit was brought in the parish where the property was located and where it was sequestered. The owner of the property was a corporation in the hands of a receiver, and the receiver was appointed by the court of another parish. The court held that all the property of the corporation being administered by the receiver was in the possession and under the control of receiver, and rights and claims respecting the property had to be brought in the court having jurisdiction over the receiver. In the present case the administratrix does not have possession of the property against which a claim is asserted in the court having direct control over the fund against which the claims are asserted.
The court of Ascension Parish has jurisdiction to determine the person or persons to whom the money deposited in the hands of an officer of that court should be returned. The plaintiff has made the necessary allegations for a writ of sequestration to issue, and it is for the court to determine whether or not the plaintiff makes the necessary proof to show the ownership and right to the possession of the funds in question.
For the reasons assigned, the judgment appealed from is annulled and set aside, the exception is overruled, and it is now ordered that the case be remanded to the District Court of Ascension Parish to be proceeded with according to law and the views herein expressed; Alosia Trahan, Administratrix of the Succession of M.O. Brittain, to pay the costs of the appeal, and all other costs to await the final termination of the case.