CULPEPPER, Judge.
The plaintiff, Meadow Brook National Bank, filed this suit to foreclose by execu-tory process on its mortgage executed by defendant, Lafayette Royale Apartments, *794 Inc. The mortgage is in the principal sum of $1,050,000 and secures a loan to defendant for the construction of a 94-unit .apartment building in Lafayette, Louisiana.
Defendant filed a petition to enjoin the seizure and sale, alleging several irregularities, principal among which is insufficient authentic evidence to support the judgment by executory process. After a trial on the merits, the district judge rendered the in-junctive relief sought; revoked the order of seizure and sale; and ordered the sheriff to restore the property to the possession of the defendant. From this judgment, plaintiff perfected a devolutive appeal.
In this court defendant has filed a motion to dismiss the appeal. The grounds are that after the trial judge decided to enjoin the seizure and sale, but before formal judgment to that effect was signed on November 4, 1965, the plaintiff filed a new suit against defendant on November 1, 1965 in the United States District Court for the Western District of Louisiana, Lafayette Division, to foreclose on this same mortgage by ordinary process. Defendant contends that, by filing suit to foreclose under ordinary process, the plaintiff has waived any right it has to proceed by executory process; and this appeal seeking such relief should therefore be dismissed.
We have decided the motion to dismiss the appeal must be granted. Hence our discussion of the case will be limited to matters relevant thereto.
LSA-C.C.P. Article 2644 reads as follows :
“The plaintiff in an executory proceeding may convert it into an ordinary proceeding by amending his petition so as to pray that the defendant be cited and for judgment against him on the obligation secured by the mortgage or privilege.
“The plaintiff in an ordinary proceeding may not convert it into an executory proceeding.”
The Official Revision Comment under Article 2644 states that this article is merely declaratory of jurisprudential rules and cites Board of Missions of Methodist Episcopal Church South v. C. D. Craighead Company, 130 La. 1076, 58 So. 888 (1912). In that case the plaintiff held a vendor’s' lien and mortgage covering land in St.. Landry Parish, where it filed suit to foreclose by ordinary process. The defendant had previously been placed in receivership by the Civil District Court for the Parish of Orleans. Act No. 25 of 1902 provided' that a mortgage creditor holding a right to-proceed by executory process did not, because of the receivership, lose this right, but could so proceed against the receiver. The receiver argued that the plaintiff, by proceeding under ordinary process, had waived its rights to executory process. In sustaining this argument the court held
“It is too well settled for dispute that the plaintiff by suing via ordinaria waived the right to proceed by executory process. Jenkins v. Grigsby, 12 La.Ann. 642; Gurlie v. Coquet, 3 Mart. (N.S.) 498; Weimprender v. Fleming, 8 Mart. (N.S.) [95], 96; Skipwith v. Gray, 3 Mart. (N.S.) 655; De Gruy’s Syndic v. Hennen, 2 La. 544; Carlin v. Gordy, 32 La.Ann. 1285. See also, Succession of Patrick, 25 La.Ann. 154.”
The early case of Gurlie v. Coquet, 3 Mart. (N.S.) 498 (1825) was a suit to foreclose on a mortgage. The petition commenced as one under ordinary process,, setting out the basis of the claim and concluded with a prayer for process and judgment in the usual manner. But the petition contained an additional prayer for an-order of seizure and sale, which the judge-signed at the time of filing. The defendant moved to set aside the order of seizure and sale on the grounds that commencement of the action by ordinary process constituted a waiver of plaintiff’s right to proceed by executory process. In sustaining defend *795 ant’s motion, the court succinctly gives the -rationale for the rule as follows:
'“It is difficult to imagine any thing that would be more absurd in judicial proceedings, than to allow both ways to be •pursued at the same time. The object iof a suit by petition and citation, in the •ordinary mode prescribed by our laws, is to obtain judgment; whilst a resort to the extraordinary way, by immediate •order of seizure and sale, must be supported by something which has the force -and effect of a judgment.”
See also Consumers Oil Company v. Terry Transfer and Storage, 162 So. 468 (La.App.2nd Cir.1935).
With this understanding of the law, let .us examine the pertinent facts of the present case. Plaintiff filed this suit in the -district court for the Parish of Lafayette -on September 22, 1965 to foreclose by exec-utory process. An order of seizure and sale was immediately issued and the sheriff seized the apartment buildings and scheduled the sale for November 10, 1965.
Lafayette Royale Apartments, Inc., filed a petition to enjoin the seizure and sale. On October 27, 1965 the judge rendered a -decision granting the injunctive relief sought, but a formal judgment was not .signed at that time.
On November 1, 1965 plaintiff filed suit In the United States District Court for the Western District of Louisiana, Lafayette Division, to foreclose by ordinary process on the mortgage in question. In the Federal Court, plaintiff posted a sequestration bond of $100,000 and the Federal Marshal •seized the apartment buildings, under orders to collect all rents and manage the property until the controversy is resolved.
On November 4, 1965 formal judgment was signed in the District Court for Lafayette Parish enjoining the seizure and sale by executory process and ordering the sheriff to restore the property to the possession of Lafayette Royale Apartments, Inc. From this judgment plaintiff perfected a devolutive appeal.
Under the above cited codal article and jurisprudence, we think it is clear that by filing the ordinary proceedings in Federal Court, plaintiff waived its right to executory process. Counsel have not cited, nor have we found, any case where one suit was filed in state court and the other in federal court, but this circumstance should not prevent the application of the established rule set forth above. The reasons for the rule are just as compelling where the two proceedings are filed in different courts as where they are filed in the same court. We note that the case of Board of Missions of Methodist Episcopal Church South v. C. D. Craighead Company, supra, involved different state courts. And, of course, in the present case the Federal Court in which the ordinary proceedings is pending will apply the laws of Louisiana to the controversy, the same as a state court would.
In oral argument before this court, counsel for plaintiff contended we should not dismiss this appeal because the lower court judgment would then become a final holding that the order of seizure and sale was wrongfully issued; and plaintiff may be subj ected to a suit for damages for such wrongful issuance. Our answer to this argument is that plaintiff voluntarily cast its lot with the ordinary proceedings in Federal Court. It has thereby waived its right to executory process in the instant proceedings. Whatever effect this will have on any subsequent suit which defendant files for damages must be decided if and when such a suit is filed and not in this case, where damages are not at issue.
For the reasons assigned, the defendant’s motion to dismiss the appeal is sustained and this appeal is hereby dismissed. All *796 costs of this appeal are assessed against the plaintiff appellant.
Appeal dismissed.