973 So.2d 816 (2007)
MARSHALL INVESTMENTS CORPORATION
v.
CARBONE PROPERTIES OF AUDUBON, LLC.
No. 2007-CA-1505.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 2007.
Writ Denied December 12, 2007.
M. David Kurtz, Brian M. Ballay, Edward H. Arnold III, Baker Donelson Bearman Caldwell & Berkowitz, PC, New Orleans, LA, for Plaintiff/Appellee.
Stephen I. Dwyer, Mark G. Duncan, Michelle Mayne Davis, Dwyer & Cambre, Metairie, LA, for Defendant/Appellant.
(Court composed of Judge MAX N. TOBIAS JR., Judge DAVID S. GORBATY, Judge EDWIN A. LOMBARD).
MAX N. TOBIAS, JR., Judge.
On the motion of the defendant/appellant, Carbone Properties of Audubon, L.L.C. ("CPOA"), we granted within our discretion an expedited appeal of the trial court's denial of CPOA's motion for a writ of preliminary injunction seeking to arrest the seizure and sale of CPOA's property at 929-31 Canal Street, New Orleans, Louisiana, commonly known as the Audubon Building ("the mortgaged property"), pursuant to executory proceedings (Louisiana Code of Civil Procedure, Book V, Title II, Chapters 1-5, art. 2631 et seq.) filed by the plaintiff/appellee/mortgagee/lender, Marshall Investments Corporation ("Marshall"). The trial court issued its order granting executory proceedings on 6 September 2007. CPOA filed its petition to arrest the seizure and sale on 15 October 2007. A hearing was held on CPOA's request for a writ of preliminary injunction on 25 October 2007, and the trial court rendered its judgment denying the writ on 31 October 2007. CPOA's devolutive appeal was lodged in this court on 20 November 2007. The sale of the mortgaged property by the Orleans Parish Civil Sheriff is presently scheduled for 13 December 2007.[1]
On appeal, CPOA assigns two errors, to-wit: (1) Marshall waived its right to executory process when it instituted suit in the United States District Court for the Eastern District of Louisiana, and (2) the trial court erred in holding that Marshall's pursuit of claims against CPOA in the United States District Court were compulsory *818 counterclaims under the Federal Rules of Civil Procedure and as such waived Marshall's right to use executory process.
A brief history of the facts is in order. Marshall made a loan to CPOA for conversion of the mortgaged property into a hotel prior to Hurricane Katrina's devastation of New Orleans on 29 August 2005. The loan by Marshall to CPOA was secured by a mortgage (containing a confession of judgment) and promissory note on the mortgaged property and was guaranteed by R.P. Carbone Company, Ross P. Carbone, Ann C. Carbone, Vincent Carbone, and Wendy F. Carbone (collectively, "the guarantors"). The guarantors did not actually physically endorse the promissory note associated with the mortgage; we presume that they signed a continuing guaranty guaranteeing the payment of CPOA's debt, but the document(s) guaranteeing payment are not part of the record on appeal. Prior to Hurricane Katrina, the loan went into default. Following the devastation caused by Hurricane Katrina, according to CPOA, Marshall began to have concerns about the viability of the hotel project. Disagreements between Marshall and CPOA developed and CPOA did not make payments on their debt to Marshall. As a result, Marshall filed a suit on the unpaid indebtedness against the guarantors in the United States District Court for the Eastern District of Louisiana, but did not name CPOA as a party defendant. Thereafter, CPOA intervened in Marshall's federal suit joining with the other parties defendant. Marshall thereupon filed an answer to CPOA's intervention, including therein a counterclaim, suing upon the mortgage and promissory note of CPOA by ordinary process. Thereafter, as the proceedings in federal court proceeded, Marshall, because it was not being paid on the debt, commenced executory proceedings in the Orleans Parish Civil District Court.[2]
In its petition to arrest the seizure and sale, CPOA asserted that by filing an answer to CPOA's petition of intervention in the federal proceedings and suing therein on the note by ordinary process Marshall waived its right to thereafter proceed by executory process. Effectively, CPOA asserts that under La. C.C.P. art. 2644,[3] Marshall is attempting to proceed via executive, once they elected to proceed in the federal action via ordinaria, but are not permitted to do so by law.
In a long line of cases dating back to the early nineteenth century, Louisiana courts have consistently held that a party who commences a foreclosure action by ordinary proceedings cannot thereafter convert the proceedings to executory proceedings. See, for example, Gurlie v. Coquet, 3 Mart. (N.S.) 498 (1825); Carlin v. Gordy, 32 La. Ann. 1285 (1880); Board of Missions of Methodist Episcopal South v. C.D. Craighead Co., 130 La. 1076, 58 So. 888 (1912). This jurisprudence is now codified in La. C.C.P. art. 2644.
But CPOA fails to note the jurisprudence that prohibits a federal court from entertaining a petition seeking executory process. See, for example, Gillson v. Vendome Petroleum Corp., 35 F.Supp. 815, 819 (E.D.La.1940), citing Fleitas v. Richardson, *819 147 U.S. 538, 13 S.Ct. 429, 37 L.Ed. 272 (1893) (Louisiana executory process is a "civil suit inter partes" and a proceeding in nature of "bill in equity for foreclosure of a mortgage," and such suit of a civil nature does not come within exception of FRCP, Rule 81, of permitting state law affecting practice and procedure to be given effect in federal court); Federal Deposit Ins. Corp. v. Saxena, 1994 WL 202364 (E.D.La.1994); BancBoston Mortgage Corp. v. Wilson, 1988 WL 76229 (E.D.La.1988); Meadow Brook National Bank v. Lafayette Royale Apartments, Inc., 187 So.2d 793 (La.App. 3rd Cir.1966).
We find that once CPOA intervened in the federal proceedings as a party defendant siding with the guarantors, Marshall was required to assert its counterclaim against CPOA asserting CPOA's liability under the mortgage and promissory note by ordinary process (being prohibited from proceeding by executory process in federal court) under Federal Rules of Civil Procedure, Rule 13, mandating a compulsory counterclaim that if not asserted in the federal proceedings would thereafter be barred.[4] That is, CPOA's intervention required Marshall to sue by ordinary process on the mortgage and promissory note for the failure to do so would waive their rights thereafter to ever sue on the mortgage and promissory note. Thus Marshall's claim against CPOA would be barred by the doctrine of res judicata. La. R.S. 13:4231, et seq.
In light of the Federal Rules of Civil Procedure, we find that Marshall's assertion of its claims under the mortgage and promissory note in federal court was involuntary (lest they lose its right to ever assert a claim on the mortgage and promissory note) and thus it did not waive or lose its rights to proceed by executory process in state court. Further, initially, Marshall only sued the guarantors and did not directly sue upon the mortgage and promissory note; it did not initially sue CPOA. Only CPOA's intervention resulted in CPOA becoming a party to the federal suit. Accordingly, we find that both of CPOA's assignments of error are without merit and the trial court did not err by denying the writ of preliminary injunction.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] In addition to asking for an expedited appeal, CPOA requested that this court grant a stay pending a decision on this appeal. By order of this court issued on 28 November 2007, we denied the stay primarily because it would operate as a suspensive appeal without CPOA being required to post a suspensive appeal bond.
[2] Although not an issue in this appeal, we note that the petition of Marshall and the documentation submitted and attached to the petition as required by law satisfied all of the procedural requirements for Marshall to obtain the order for seizure and sale, which it in fact did on 6 September 2007.
[3] La. C.C.P. art. 2644 states:

The plaintiff in an executory proceeding may convert it into an ordinary proceeding by amending his petition so as to pray that the defendant be cited and for judgment against him on the obligation secured by the mortgage or privilege.
The plaintiff In an ordinary proceeding may not convert it into an executory proceeding. [Emphasis added.]
[4] In pertinent part, FRCP, Rule 13 reads:

(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.