991 So.2d 35 (2008)
GERMANIA PLANTATION, INC.
v.
Douglas Spor HAYWARD, Sr.
No. 2007 CA 2572.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*36 Rufus Holt Craig, Jr., Baton Rouge, LA, for Plaintiff/Appellee, Germania Plantation, Inc.
Kenneth L. Blanchard, Jr., Plaquemine, LA, for Defendant/Appellant, Douglas Spor Hayward, Sr.
Before PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
Douglas S. Hayward, Sr., appeals a judgment granting Germania Plantation, Inc. (Germania), a preliminary injunction revoking an order of executory process[1] and enjoining the Ascension Parish sheriff, or anyone, from selling certain property. The judgment also restored possession to Germania. For the following reasons, we affirm the judgment of the trial court.

PERTINENT FACTS AND PROCEDURAL HISTORY
In October 2005, Hayward filed a petition against Germania to collect on a promissory note. The note was secured by an act of mortgage, but Hayward did not mention or seek to enforce the mortgage in this proceeding. Germania answered the petition. No further steps were taken in this proceeding. In January 2007, Hayward *37 filed a petition and an amended petition in the same judicial district seeking to enforce the act of mortgage in an executory proceeding for non-payment of the same promissory note. The trial court signed orders for the issuance of a writ of seizure and sale of the mortgaged property.
In March 2007, Germania filed a petition for injunction and other relief in a separate proceeding seeking a preliminary injunction to arrest the seizure and sale, alleging that the debt secured by the mortgage was extinguished, that the debt was legally unenforceable, and that Hayward had failed to follow the procedures required by law for an executory proceeding. Germania also asserted that the subject promissory note had been litigated to judgment and was, therefore, res judicata. Hayward filed an exception of vagueness, which the trial court never addressed.
After a contradictory hearing, the trial court granted Germania's preliminary injunction.[2] The judgment stated two grounds for the preliminary injunction: 1) that Hayward had waived any right to proceed by executory process by first filing suit in an ordinary proceeding; and 2) that Germania would suffer irreparable harm if the preliminary injunction were not issued.
Hayward now appeals, asserting as error that "the trial court erred in finding that [he] could not proceed by executory process after filing suit on his note in ordinary process."

DISCUSSION

Procedural Framework
An injunction is an appropriate method for arresting the seizure and sale of immovable property. La. C.C.P. art. 2751 provides as follows in this regard;
The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.
This article gives the general terms on which seizure and sale may be arrested by injunction. But injunction may be obtained on any valid ground. Executive Office Centers, Inc. v. Cournoyer, 433 So.2d 324, 326 (La.App. 4 Cir.1983); see also Comment (b), La. C.C.P. art. 2751. "Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, ...." La. C.C.P. art. 2642.
As applicable in this matter, "[t]he petition for injunction shall be filed in the court where the executory proceeding is pending, either in the executory proceeding or in a separate suit. The injunction proceeding to arrest a seizure and sale shall be governed by the provisions of Articles 3601 through 3609 and 3612, ..., but the defendant may apply for a preliminary injunction in accordance with Article 3602. In the event the defendant does apply for a preliminary injunction the hearing for such shall be held before the sale of the property." La. C.C.P. art. 2752 A. "The court may hear an application for a preliminary injunction or for the dissolution or modification of ... a preliminary *38 injunction upon the verified pleadings or supporting affidavits, or may take proof as in ordinary cases." La. C.C.P. art. 3609. "An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law...." La. C.C.P. art. 3601 A.

Whether Hayward Waived Executory Process
One of the trial court's two grounds for granting the preliminary injunction was that Hayward "waived any right to proceed by executory process upon filing suit in ordinary process" in the district court. It cited Meadow Brook Nat. Bank v. Lafayette Royale Apartments, Inc., 187 So.2d 793 (La.App. 3 Cir.1966), in support of this finding. We respectfully conclude that the trial court's reliance on Meadow Brook is misplaced.
In Meadow Brook, after the trial court decided to enjoin the seizure and sale of certain property by executory process, but before formal judgment to that effect was signed, the plaintiff filed a new suit against defendant in the United States District Court to foreclose on this same mortgage by ordinary process. Id. at 794. The defendant moved that the plaintiffs appeal of the injunction should be dismissed on grounds that by filing suit to foreclose under ordinary process in federal court, the plaintiff had waived any right it had to proceed by executory process. Id. The court dismissed the appeal after reviewing La. C.C.P. art. 2644[3] and pertinent jurisprudence. Id. The court noted that Article 2644 was declaratory of jurisprudential rules, including the following: "`It is too well settled for dispute that the plaintiff by suing via ordinaria waived the right to proceed by executory process.'" (Citations omitted.) Id. The court then concluded that, "we think it is clear that by filing the ordinary proceedings ..., plaintiff waived its right to executory process." Id. at 795
In every case we have found applying this principle, the plaintiff filed an action to foreclose on a mortgage, a proceeding over which he had the option to file by ordinary process or by executory process.[4] Here, Hayward's first suit to enforce only the promissory note is not one that could have been brought by executory process. Therefore, he is not attempting to convert that suit to an executory proceeding in seeking enforcement of the mortgage securing the note.
Hayward cites another Third Circuit case, Manuel Tire Co., Inc. v. J.W. Herpin, Inc., 620 So.2d 526 (La.App. 3 Cir. 1993), as contrary authority. In Manuel Tire the creditor filed a suit on open account to collect a debt owed by the defendant. It then filed an executory proceeding against the defendant to enforce its collateral chattel mortgage securing the open account. Id. at 528. The defendant contended that once the creditor filed a suit by ordinary process by filing a petition on open account to collect the debt, the creditor could not later proceed by executory process to enforce its collateral chattel mortgage. Id. at 531. The court concluded that the creditor did not attempt to *39 convert its suit on an open account into an executory proceeding. Id. The court further concluded that the plaintiffs suit on open account was not inconsistent with its suit for executory process to enforce its chattel mortgage. Id. at 532. It ruled that the creditor could pursue both remedies until the defendant's obligation to the creditor was satisfied. The court then stated that the creditor "did not waive its right to proceed via executiva" against the defendant. Id.
The facts before us are directly analogous to those in Manuel Tire. Hayward first sought to enforce the note only. He then filed another suit for executory process to enforce his mortgage. While both suits relate to the debt evidenced by the promissory note, they do not involve identical remedies; only one can be enforced by executory process.[5]
Accordingly, we find merit in Hayward's assignment of error. This, however, does not conclude our inquiry. We now turn to the trial court's second ground for granting Germania's preliminary injunction.

Irreparable Injury
As the second ground for its judgment, the trial court found that Germania "will suffer irreparable injury if a preliminary injunction is not issued." We conclude that the trial court did not err in granting a preliminary injunction on this ground, as Germania stands to lose its historic immovable property.
"As a matter of law, a preliminary injunction is an interlocutory procedural device designed to preserve the existing status pending a trial of the issues on the merits of the case." (Citation omitted.) Paddison Builders, Inc. v. Turncliff, 95-1753, p. 4 (La.App. 1 Cir. 4/4/96), 672 So.2d 1133, 1136. "The applicant for a preliminary injunction need make only a prima facie showing that he will prevail on the merits. Thus, the preliminary injunction requires less proof than is required in an ordinary proceeding for a permanent injunction." Id. at pp. 4-5, 672 So.2d at 1136.
Paddison concerned the trial court's denial of a preliminary injunction brought under the same codal articles at issue here against an executory proceeding to foreclose on a mortgage. This court reversed the trial court and granted a preliminary injunction after concluding that the creditors had made a prima facie showing that they would succeed.
Here, Germania and Hayward jointly entered into evidence the records of both underlying proceedings. Both records contain copies of a judgment against Hayward in which the note at issue from Germania to Hayward is "disallowed." Reasons for this judgment are contained in the record of this appeal. This judgment is currently on appeal in this court under the caption, "William C. Hayward, III v. Douglas S. Hayward, Sr., docket nos. 2007 CA 2028 c/w 2007 CA 2029. In relation to these appeals, we note that La. C.C.P. art. 2753 A(4) provides as a specific ground for injunction that the defendant "has a liquidated claim to plead in compensation against the debt secured by the mortgage." Germania seems to argue in these proceedings that the parties' claims against each other have been liquidated by the judgment therein. We do not decide these issues here.
Because of this trial court judgment in favor of Germania, we conclude that Germania *40 has made a prima facie showing that it will prevail on the merits of this case and that the trial court did not err in granting a preliminary injunction. Accordingly, we will affirm the judgment of the trial court.

DECREE
For the foregoing reasons, we vacate the portion of the judgment finding that Hayward waived his right to executory process upon filing suit by ordinary process. Further, we stay that portion of the judgment decreeing the revocation of the order of executory process granted on January 16, 2007, in Docket No. 85,128-C, pending further proceedings. Further, we vacate the portion of the judgment that transfers the matter to Division E where "ordinary proceedings in Docket No. 81,852 are now pending." In all other respects, we affirm the judgment of the trial court. Costs of this appeal are assessed against Douglas S. Hayward, Sr.
VACATED IN PART; STAYED IN PART; AFFIRMED IN PART.
KUHN, J., concurs.
NOTES
[1] The presiding trial court signed two orders of executory process, one on January 16, 2007, which is specifically revoked. The other was signed on January 31, 2007, pursuant to an amended petition. This latter order is not mentioned in the judgment.
[2] The trial court granted a new trial on joint motion to allow the introduction of the records in the two proceedings at issue, the one where Hayward sought only to enforce the note and the second where Hayward sought executory process to foreclose on the mortgage securing payment of the note.
[3] Louisiana Code of Civil Procedure art. 2644 provides as follows:

The plaintiff in an executory proceeding may convert it into an ordinary proceeding by amending his petition so as to pray that the defendant be cited and for judgment against him on the obligation secured by the mortgage or privilege.
The plaintiff in an ordinary proceeding may not convert it into an executory proceeding.
[4] Louisiana Code of Civil Procedure art. 3721 provides that "[a] conventional mortgage is enforced by ordinary or executory proceedings."
[5] We are aware that La. C.C.P. art. 425 A requires a party to "assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation." However, La. C.C.P. art. 462 allows actions to be cumulated only if "[a]ll of the actions cumulated are mutually consistent and employ the same form of procedure."