## No. 12,718.

### A. BALDWIN & CO. VS. JOSEPH CAPPEL ET ALS.

The object of this action is to remove a cloud, a fictitious encumbrance, a simulated mortgage, appearing on the public records against certain real property standing in the name of an insolvent.

It is not an action directed against either the person or property of the insolvent, but a proceeding directed against the apparent encumbrance.

One or more of the parties defendant being strangers to the insolvent proceedings and without interest therein, plaintiffs can not be forced to litigate the questions arising with him, or them, in the *concurso* or insolvent proceedings, but may bring an independent action and make all persons in interest parties thereto, including the syndic of the insolvent estate.

APPEAL from the Tenth Judicial District Court for the Parish of Avoyelles. *Cullom, J.*

*Couvillon & Son* for Plaintiffs, Appellants.

*A. J. Lafargue* and *Cappel & Cappel* for Defendants, Appellees.

Argued and submitted February 11, 1898.
Opinion handed down February 21, 1898.

The opinion of the court wes delivered by

BLANCHARD, J. Plaintiffs, who are judgment creditors of Joseph Cappel, caused execution to issue and seized a tract of land containing one hundred and sixty acres belonging to the defendant. The mortgage records disclosed a pre-existing conventional mortgage, covering the land seized, executed by Joseph Cappel in favor of William G. Cappel.

Representing this mortgage to be a pure simulation designed to protect the property from the pursuit of the creditors of the mortgagor and alleging injury to themselves thereby, plaintiffs brought this action to have the same adjudged void and of no effect and the inscription thereof erased.

Alleging that the mortgage notes, representing the pretended indebtedness, had been transferred by notarial act to J. Clifton Cappel, the son of Joseph Cappel, and that this transaction was likewise a simulation and without consideration, they made Clifton Cappel a

party defendant, along with Joseph Chappel, the mortgagor, and William G. Cappel, the mortgagee. They also made A. M. Bordelon clerk of court and custodian of the mortgage records, a party to the suit, to the end of commanding the erasure of the mortgage by him.

Joseph Cappel appeared and excepted to the action on the ground that prior to its institution he had made a *cessio bonorum* for the benefit of his creditors, that the insolvent proceedings were then pending, and an order had been granted therein staying all process against his person and property. He represented that plaintiffs had filed an opposition to the cession, in that way had made themselves parties to it, and that the action now under consideration was in violation of the order staying proceedings against him. His position is that no suit in which he is a party defendant can be brought or prosecuted outside of the insolvent proceedings. He prayed the dismissal of the petition.

No appearance has, as yet, been made by the other three defendants.

There was judgment sustaining the exception and dismissing the entire action as in case of non-suit.

Plaintiffs appeal.

We think the dismissal erroneous.

The action is not one directed against either the person or property of the insolvent. R. S. 1790. Its purpose is to remove a cloud, a fictitious encumbrance appearing on the public records against certain real property standing in the name of the insolvent. It is a proceeding directed against this encumbrance.

While the insolvent is a party to the suit, he is not the only party defendant. There are two co-defendants, besides the clerk of the court. While J. Clifton Cappel, one of the defendants, appears on the *bilan* of the insolvency as a creditor, and may be considered a party to such proceedings, and while as to him, the exceptor and the clerk of the court, the questions presented in the pending action might be litigated within the insolvent proceedings, the other defendant, William G. Cappel, is not a party to the insolvent proceedings. Plaintiffs' cause of action is against him as well as against Joseph Cappel and J. Clifton Cappel. He was alike mortgagee and transferror of the mortgage notes to Clifton Cappel. Both the mortgage and transfer are attacked as simulations. He was, therefore, necessarily a party to the action.

Plaintiffs can not be forced to litigate these questions with him, a stranger to the insolvency, in the *concurso* or insolvency proceedings. He could bring an independent action against him, and to that action J. Clifton Cappel, the clerk of the court, and the insolvent, were not improperly made parties, with this exception, viz.: that the syndic of the insolvent estate should be substituted for the insolvent.

The action is not one seeking to take property from the insolvent estate, nor to recover a money judgment against the insolvent, nor to subject his person to any process.

It is alike to the interest of the attacking creditors, the other creditors of the insolvent, the insolvent himself and his syndic, to rid the real property of the encumbrance sought to be declared void.

The attacking creditors had seized the property before the cession was made, having a judicial mortgage resting thereon, primed only by the conventional mortgage denounced as a simulation.

The insolvent is without interest to throw obstacles in the way of freeing the property of this encumbrance. The most that he, or his syndic, could do was to appear and ask that the action be cumulated with the insolvent proceedings and transferred to be prosecuted there; and if William G. Cappel, that one of the defendants who is no party to the insolvency proceedings, object to such cumulation and transfer, litigate that question with him there and then.

But as the matter appears before us now, the court *a qua* has dismissed an action against three other defendants, as well as against the insolvent, on an exception filed by the latter, purely personal to him, or rather affecting him only.

Nor can the instant action be viewed as an attempt to classify mortgages standing against the property of the insolvent. That can only be done in the *concurso*. The utmost that may be alleged against it, on this line, is that it is a dispute between creditors; not, however, as to which shall take precedence over the other, but whether the mortgage asserted by one of them ever had, or has now, any existence whatever, to the determination of which question a third person, having no interest in, and a stranger to, the insolvent proceedings, is and must be a party.

If all parties to the present action were necessarily parties to the insolvent proceedings by being creditors of the insolvent, or otherwise, then we should say that the results sought herein should be

litigated to a conclusion in the *concurso* through proper oppositions filed.

But plaintiffs' action being partly against a stranger, he may attack him in a direct suit, and if the syndic of the insolvent has an interest to prosecute, protect or defend in such action, he may make himself a party, or be made a party, thereto.

And it is no sufficient argument against the right to bring a direct action against the stranger to say that, though a stranger to the insolvent proceedings, he might perhaps be made a party to the opposition filed therein having for its object the contestation of the questions raised in the direct action.

All the more is this true where, as in the instant case, the action is not one, in its effects, bearing upon either the person or property of the insolvent.

It is therefore ordered, adjudged and decreed that the judgment appealed from, dismissing plaintiffs' suit on exception filed, be annulled, avoided and reversed, and it is now ordered that the exception aforesaid be overruled, the suit reinstated and proceeded with according to the views herein expressed, and the law costs of both courts to be taxed against the defendant and appellee.