(33 South. 903.)

No. 14,551.

In re RECEIVERSHIP OF THE NEW
IBERIA COTTON MILL CO., Limited.

(March 2, 1903.)

RECEIVERS—PROPERTY IN CUSTODIA LEGIS—
RIGHTS OF INTERESTED PARTIES
—INVENTORY.

1. Property in the hands of a Receiver is property in the custody of the law. The Receiver is but the agent through whom the court, for greater facility, acts.

2. Without an inventory and appraisement and a statement of debts filed, the court is without accurate knowledge of the situation of affairs with respect to the estate under its charge.

. 3. And parties in interest, like creditors, share-holders, etc., are entitled to have access to reliable information (such as may be found in inventories, appraisements and schedules of indebtedness) touching the estate under administration.

4. It is held that the taking of an inventory and the making of an appraisement of property, and the filing of a statement of liabilities, are proper preliminary acts of administration on part of a Receiver, and the same should ordinarily be done within a reasonable time after he takes charge.

(Syllabus by the Court.)

Appeal from judicial district court, parish of Iberia; T. Don Foster, Judge.

In the matter of the receivership of the New Iberia Cotton Mill Company, Limited. Rule by Walter M. Gates on the Receiver to file inventory and statement of liability. Rule dismissed, and petitioner Walter M. Gates appeals. Reversed.

Walter J. Burke & Bro. and Weeks & Weeks, for appellant. Broussard, Dulany & Broussard, for appellee.

BLANCHARD, J. The Iberia Cotton Mill Company, Limited, having become involved in difficulties and debts, one of the creditors applied for the appointment of a Receiver.

About the time this application was filed, the Board of Directors of the Company adopted a resolution reciting the difficulties of the company and averring it to be no longer a going concern, and concluded with the declaration that it was the sense of the Board a Receiver was necessary to preserve and administer the assets of the corporation for the benefit of all concerned.

In answer to the application for the ap-pointment of a Receiver, the President of the company, pointing to the resolution adopted by the Board of Directors, joined in the prayer for such appointment.

Whereupon, an order was made appointing Jas. A. Lee Receiver, with powers restricted to administration and preservation of the property of the corporation, and to the collection of debts, rights, stock subscriptions and other credits outstanding in favor of the corporation, including the authority to sue and be sued.

He was required to give bond and security in the sum of five thousand dollars.

He gave this bond and took the oath of office as Receiver.

, A month later, without having caused an inventory to be taken and an appraisement made of the property and effects, rights and credits of the corporation, and without presenting to the Court any schedule of its liabilities, the Receiver applied to the Court for an enlargement of his powers and especially solicited the power to sell at public auction all the real and personal property of the corporation.

He averred, in this connection, the insolvency of the corporation, the insufficiency of the assets to meet the obligations outstanding, and the necessity of selling the property in order to realize funds to meet debts.

In another pleading, filed on the same day, he set forth it appeared to him expedient and necessary, as a means towards obtaining the best results for all parties in interest, that all the real estate of the corporation, consisting of the Cotton Mill plant, machinery, buildings, etc., together with twenty-one acres of land upon which the Mill is situated, should be sold at public auction for cash to the highest bidder, after due advertisement, etc., and within the then next fifty-five days.

These applications were duly entered upon the Receiver's Order Book in the Clerk's office, and pending the time allowed for opposition thereto, Walter M. Gates appeared and opposed the granting of the power solicited to sell the real and personal property of the corporation.

He set forth .that he was a holder of stock in the company and, therefore, a party in interest.

He averred that the company had outstanding and due it in stock subscriptions

and bills for goods and merchandise sold, and other assets, an amount in excess of what is necessary to meet its liabilities, including the expenses of the Receivership, and the same could, by proper effort, be collected.

He represented that the Receiver should, before applying for power to sell the property of the corporation, and, indeed, as preliminary to his administration of the affairs of the corporation, cause to be made an estimative inventory of its property, rights and assets, and should file in Court a schedule of its liabilities, and that these things had not been done.

He asserted that, if properly managed, the company's indebtedness could be liquidated out of the rights and credits due to it, and that its property, intact, could be again placed in the hands of the stockholders free from debt and a going concern. But that if the application of the Receiver be granted and the sale of the property be had, it will wreck the corporation, render it more difficult to collect the assets, and needlessly terminate the existence of the corporation.

At the same time he filed this opposition, Gates took a rule on the Receiver to show cause why he should not cause to be made and filed an estimative inventory of the property and effects, rights and credits of the corporation, and a schedule of its debts.

He averred that stockholders and creditors were, alike, entitled to have such inventory and statement of liabilities filed, and to the information and knowledge of the standing and affairs of the corporation which the same would supply.

The Receiver, answering this rule, averred that Gates is without interest or right in the premises; that an inventory and appraisement of the property of the corporation is not a matter with which the plaintiff in rule is concerned; that the same is not required by the law; that the proceeding to compel the inventory is an unwarranted interference with the Receiver in his administration; that the Receiver is under no obligation to cause an inventory and appraisement to be made; and that the demand of Gates for such inventory and appraisement is equivalent to demanding of the Receiver an accounting before the time arrives to account.

The Judge a quo sustained these objections of the Receiver and dismissed the rule.

Gates appeals.

Ruling—In this State the jurisprudence relating to the administration of Receivers appointed to corporations is meager. Not until the year 1898 was there enacted a statute authorizing and regulating the practice of appointing Receivers.

Prior to that enactment there had grown up, under the equity powers of the courts, the practice of appointing Receivers, under certain circumstances, but authority to do this had been frequently questioned, and it was not often resorted to.

The appointment of Receivers has become more frequent under the Act of 1898, and it was under this statute that the Receiver herein was appointed.

From the meager jurisprudence here relating to Receivers, little is to be gleaned as to the duties of such officials in the respect of causing preliminary inventories and appraisements to be made and the filing of schedules of indebtedness.

Hence it is that resort must be had to the general text-books treating of the powers and duties of Receivers. And, as assisting in determining what their duties are in the respect mentioned, the practice in proceedings analogous to Receiverships may, with instruction, be inquired into.

This would be unnecessary had the statute of 1898 prescribed, in express terms, that a Receiver, on being appointed, shall cause an inventory of the effects and property of the estate he is called to administer to be taken and an appraisement made. It would then be done, as a matter of course, in obedience to the direct mandate of the law.

But the statute is silent as to this.

Proceedings in our practice analogous to the appointment of Receivers are those relating to the appointment of representatives of successions, insolvent estates, tutorships, absentees, interdicts, etc.

In all such cases it is required that inventories be taken and appraisements made, and it is the practice in most of these to present, preliminarily, schedules of debts.

Every reason which supports the doing of those things in the cases referred to would seem to sanction and require the same in Receivership cases.

Property in the hands of a receiver is property in the custody of the law. The Receiver

is but the agent through whom the court, for greater facility, acts.

Without an inventory and appraisement and a statement of debts, the court is without accurate knowledge of the situation of affairs with respect to the estate under its charge.

Besides the court, parties in interest, like creditors, share-holders, etc., are entitled to have access to reliable information touching the estate under administration.

Unless an inventory and appraisement is found in the record, and likewise a statement of the liabilities, how are they to have this knowledge?

Must they resort to a proceeding in the nature of a bill of discovery?

It is the policy of our law to simplify the practice.

The taking of an inventory and the making of an appraisement of property and the filing of a statement of the liabilities are deemed proper acts of administration on part of a Receiver, and the same should ordinarily be done within a reasonable time after he takes charge.

On this subject we find the following in the A. & E. Ency. of Law (1st Ed.) vol. 20, p. 185:—

"One of the first and principal duties of a Receiver, after his appointment, is to make a complete inventory of all the property and effects coming into his hands."

And in Smith on Receivership, at page 592, par. 355, this appears:—

"A proper accounting from time to time, as well as his final report, renders it incumbent on him to carefully inventory the estate, property, goods and effects that come into his hands."

So also Gluck & Becker on Receivers of Corporations, (2d Ed.) p. 556.

It is ordered that the judgment appealed from be avoided and reversed, and it is now adjudged and decreed that the Rule taken upon the Receiver to require him to cause an inventory of the property, effects, rights and credits of the New Iberia Cotton Mill Company, Limited, to be taken and an appraisement made, and to require him to file a statement or schedule of the liabilities of said Company, be made absolute, and that said Receiver do proceed forthwith to the execu-

tion of this judgment in the respect mentioned—costs of both courts to be borne by the Receivership.