## The National Cash Register Company, Appellant, *v.* Miller.

*Replevin—Landlord and tenant—Distress for rent—Bankruptcy —Goods in custody of law—Receiver—Principal and agent—Directed verdict.*

It is a rule, without an exception, that a landlord cannot distrain goods which are in the custody of the law.

It is well settled that a thing is in the custody of the law when it is shown that it has been, and is, subjected to the official custody of a judicial executive officer in pursuance of his execution of a legal writ, and the thing will remain, by operation of law, in custodia legis until it is withdrawn from such custody by the order of a competent court.

Property in the hands of a receiver in bankruptcy is in the custody of the law; the receiver is but the agent through which the courts acts.

In an action of replevin it appeared that the plaintiff leased a cash register to a tenant of the defendant, the lease giving the lessor the right of taking possession of the register in case of bankruptcy of the lessee. It further appeared that the tenant was declared a bankrupt and receivers appointed and that upon petition by plaintiff the referee made an order directing the receiver to deliver the register to the plaintiff. It also appeared that the defendant distrained for rent, after the order of the referee was made and while the register remained on the demised premises.

Under such circumstances the court properly directed a verdict in favor of the defendant.

When the referee made the order directing the receivers to return the cash register to the plaintiff, it passed out of the custody of the law and immediately became subject to a distress by the defendant for rent in arrear so long as it remained on the demised premises.

Argued April 14, 1926. Appeal No. 57, April T., 1926, by plaintiff, from judgment of C. P. Somerset County, December T., 1924, No. 295, in the case of The National Cash Register Company, a Corporation,

v. C. A. Miller.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.   Affirmed.

Action of replevin.   Before BERKLEY, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict for defendant.   Plaintiff appealed.

*Error assigned,* was the directed verdict.

*J. Earl Ogle, Jr.,* and with him *John G. Ogle,* for appellant.

*C. W. Walker,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1926:

The plaintiff appeals from a judgment entered on a verdict directed for the defendant in an action of replevin instituted to recover the possession of a cash register.   At the trial the following material facts were admitted:   One Cassio, who was the tenant in possession of the defendant's store room in Rockwood, Somerset County, leased from the plaintiff, in May, 1924, the cash register which is the subject of this suit, and received the same into his possession in said store. The lease provided, inter alia, as follows:   "The undersigned (Matt Cassio) hereby agrees to lease from you (description of cash register) for a period of eleven months from the arrival thereof, and to pay you as rental therefor the sum of $87.50 in 10 monthly payments of $7 each, and 1 of $12.50, undersigned to give you his promissory note for $87.50 payable in similar monthly payments as collateral security for payment for said rental......At the expiration of the rental term above specified undersigned agrees to surrender said cash register to you in as good condition as when

delivered.........undersigned to have the option after surrendering said register to purchase same.......It is agreed that upon failure of the undersigned to make any payment of rental..........or in the event of undersigned becoming insolvent, or the filing of a petition in bankruptcy by or against him, the unpaid balance of rent for the entire term shall at once become due and payable and you may immediately take possession of said register.'' Cassio made the initial payment under the lease, but never paid any of the deferred monthly instalments of rent. While he was in possession of the cash register an involuntary petition in bankruptcy was filed by his creditors in the District Court of the United States for the Western District of Pennsylvania on October 14, 1924. An order was made by said court, referring the matter of the application for receivers to the referee in bankruptcy in and for Somerset County. Receivers were appointed on October 14, 1924, and they took possession of Cassio's store. On October 27, 1924, the plaintiff presented to the referee in bankruptcy a petition for the reclamation of the cash register and on October 30, 1924, the referee made an order directing the receivers to deliver the cash register to the plaintiff. In the afternoon of that day and after said order had been made, the defendant distrained upon the cash register, which still remained in the store, for rent admitted to be due and owing for part of the month of July and the months of August and September, 1924, in the sum of $250. The plaintiff instituted this suit on November 6, 1924, and the cash register was delivered into its possession by the sheriff under the writ. Cassio was duly adjudged a bankrupt on December 9, 1924, by virtue of the petition filed October 14, 1924. The court affirmed defendant's point for binding instructions and directed the jury to return a verdict for him for the value of the cash register, and refused plaintiff's point for binding instructions. This appeal is from the re-

fusal of the court below to enter judgment for the plaintiff notwithstanding the verdict.

The appellant contends that the cash register could not be the subject of distraint for rent in arrear by the lessor of the premises occupied by the bankrupt, because it was in the custody of the law. It is a rule, without an exception, that a landlord cannot distrain goods which are in the custody of the law: Pierce v. Scott, 4 Watts and Sergeant 344. The question presented is: Was the cash register in the custody of the law when it was seized under the distress warrant? It is well settled that a thing is in custodia legis when it is shown that it has been, and is, subjected to the official custody of a judicial executive officer in pursuance of his execution of a legal writ, and the thing will remain, by operation of law, in custodia legis until it is withdrawn from such custody by the order of a competent court: McFarland Carriage Co. v. Solanes, 108 Fed. 532. Property in the hands of a receiver is in the custody of the law; the receiver is but the agent through which the court acts: In re New Iberia Cotton Mill Co., 109 La. 875; 33 S. 903. But when the referee made the order directing the receivers to return the cash register to the plaintiff, it passed out of the custody of the law and immediately became subject to a distress by the defendant for rent in arrears so long as it remained on the demised premises. As the distress was levied after the making of said order and while the machine remained on the demised premises, the court below was right in directing a verdict for the defendant for the value of the machine. Wetherill v. Gallagher, 217 Pa. 635, relied on by counsel for appellant, does not sustain his contention that the cash register was in the custody of the law when the distress was levied and therefore not subject to such distress. The opinion of Mr. Justice Mestrezat points out that the personal property sought to be removed from the

leased premises by the bailor had not been levied upon for rent in arrears. The fact that in the present case the property sought to be removed was levied upon for rent, required the learned judge of the court below to give the defendant-landlord the fruits of his distress.

The assignments of error are overruled and the judgment is affirmed.