This suit involves a controversy similar to that in Schuster's Wholesale Produce Co. v. Texas & Pacific Ry. Co., 176 La. 167, 145 So. 368, this day decided. The facts are identical, and there was judgment for plaintiff, and defendant appealed.

For the reasons assigned in the case No. 31320, the judgment herein appealed from is reversed, and it is ordered that plaintiff's demands be rejected and its suit dismissed, at its costs.

145 So. 372

## GENERAL MOTORS TRUCK CO. OF LOUISIANA, Inc., v. CADDO TRANSFER & WAREHOUSE CO., Inc.

### No. 32097.

Nov. 28, 1932.

Rehearing Denied Jan. 3, 1933.

Dickson & Denny, of Shreveport, for appellant.

Edward S. Klein, Wilkinson, Lewis & Wilkinson, and Blanchard, Goldstein, Walker & O'Quin, all of Shreveport, for appellees.

## OVERTON, J.

W. H. Johnson was appointed receiver of the Caddo Transfer & Warehouse Company, Inc., on March 8, 1930. Some months after his appointment, an investigation of his administration as receiver was made, under the directions of the court appointing him. The result of the investigation was such that several creditors of the corporation applied to

have Johnson removed. The court, after hearing the application, rendered judgment removing Johnson, and appointing L. Tomkies Lancaster receiver in his place.

Johnson has appealed from the judgment. A motion to dismiss the appeal has been filed by the complaining creditors, who are appellees, on the ground that, not only has Johnson no interest in appealing, but that a receiver has no right to appeal from an order removing him and appointing another receiver in his place.

The practice of appointing receivers in this state is governed by Act No. 159 of 1898, as amended by Act No. 199 of 1914, by Act No. 117 of 1916, and by Act No. 7 of 1926. Section 4 of the Act of 1898, regulates the granting of appeals from orders appointing or refusing to appoint receivers, and from orders refusing to vacate the appointment of receivers. The appointments here referred to, however, have not reference to whether one person, rather than another, should be appointed receiver, but to the placing or refusing to place the corporation into the hands of a receiver, or to the refusal to vacate an order doing so. Nowhere in the act, as amended, is anything said concerning the removal of a receiver with the end in view of appointing another in his place; nor does the act define fully the rights of receivers. In these circumstances resort must be had to analogous proceedings in this state and to the equity jurisprudence in our sister states. In re Receivership of New Iberia Cotton Mill Co., Ltd., 109 La. 875, 878, 33 So. 903.

A receiver is an officer of the court appointing him. The property of the corporation intrusted to his care is deemed to be in custodia legis; the court itself having the care of the property by its receiver, who is merely its creature or officer, having no powers other than such as are conferred upon him by the order of his appointment, or by the practice of courts of equity, or, where such is the case, by statute. High on Receivers (4th Ed.) § 1, p. 2; Clark, The Law of Receivers, § 11, p. 16.

In High on Receivers, with reference to the right of a court to remove a receiver, it is said:

"The power of a court of equity to remove or discharge a receiver whom it has appointed may be regarded as well settled, and it may be exercised at any stage of the litigation. Indeed, it would seem to be a necessary adjunct to the power of appointment, and to be exercised as an incident to or consequence of that power; the authority to call such officer into being necessarily implying the authority to terminate his functions when their exercise is no longer necessary, or to remove the incumbent for an abuse of those functions or for other cause shown." High on Receivers (4th Ed.) § 820, p. 974.

With reference to the right of appeal from an order removing a receiver, the author, last cited, says:

"Since the removal of a receiver is a matter addressed to the sound discretion of the court, its decision removing the incumbent and substituting another in his stead cannot ordinarily be reviewed upon appeal to an appellate court. Nor has a receiver any such interest in, or title to his office as will enable him to maintain an appeal from an order of removal. But where the order of removal is in effect a settlement of the receiver's ac-

counts and a refusal to make him proper compensation, an appeal will lie at the instance of the receiver." High on Receivers, § 825, p. 979.

Touching the right of appeal of the receiver from an order removing him, Mr. Clark, in his work on receiverships, says:

"An order removing a receiver has reference to the person of the receiver. The removal of one particular person as receiver does not necessarily mean the taking of the property out of the custody of the court. A receiver has no property right in the office of the receiver. He holds such office by sufferance of the court appointing him. He, therefore, has no substantial right violated by being removed from office and, therefore, has no right to appeal from such order. Although the parties to the suit may have substantial rights violated by the court taking custody of the property or failing to take custody of the property, nevertheless, no substantial right of the parties is violated by the court failing to appoint or removing a particular person to the office of receiver. The matter is purely discretionary with the appointing court." Clark, The Law of Receivers, § 680, pp. 743 and 744. See, also, Clark, § 875, pp. 971 and 972.

■The right of an administrator of a succession to appeal from a judgment removing him from office is of no service in determining the right of a receiver to appeal under similar circumstances. The right of a person to be appointed administrator is so circumscribed by provisions of law that the court has but little or no discretion as to what particular person to appoint. It is otherwise as to the right of a person to be appointed receiver of a corporation. In such an instance, the court has virtually unlimited discretion, and appoints whomsoever it deems suited to the office. The administrator must assert his right to the office by appropriate proceedings, but, as to receiverships, this is not the case, for the court names, of its own motion, the particular person desired as receiver.

■ The fact that this court, in refusing an application for supervisory writs, made by Johnson, touching the right, among others, to remove a receiver during the vacation of the court, stated, as to the other rights or points involved, that they should be brought up by appeal, does not preclude the appellee from having the appeal dismissed, in the event no appeal lies. Such statements, in such orders, are ex parte in their nature, and do not determine finally the right to appeal.

■ Since the appellant herein has been deprived of no substantial right by his removal as receiver, as he held the office by sufferance of the appointing court, whose servant he was, and since the judgment complained of goes no further than to remove him from office and appoint another in his stead, he has no cause to complain, and no right to appeal.

The appeal is therefore dismissed.