177 La. 926

## GENERAL MOTORS TRUCK CO. v. CADDO TRANSFER & WAREHOUSE CO., Inc.
### No. 32242.

Supreme Court of Louisiana.

July 7, 1933.

Wm. H. Cook, of Shreveport, for West Disinfecting Co.

N. B. Carstarphen, of Shreveport, for U. S. Rubber Product Co.

Crain & Johnston, of Shreveport, for Cass & Johansing.

Thatcher, Browne, Porteous & Myers, of Shreveport, for National Refining Co.

Harry V. Booth, of Shreveport, for International Time & Recording Co., Cenol Co., Shreveport Brass Works, Oliver H. Van Horn Co., and Shreveport Tent & Awning Co.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for interveners-appellees Lancaster, Hill, McCarthy, Bradford, Crowford Co., Seven-O-Seven-Tire Service, Central Motors, and Louisiana Oil Refining Corporation.

O'NIELL, Chief Justice.

The Caddo Transfer & Warehouse Company went into the hands of a receiver in March, 1930; W. H. Johnson being appointed receiver. Some months afterwards an audit of the books of the receiver was made under orders of the court, with the result that, at the instance of several creditors of the corporation, Johnson was removed from the receivership, and L. T. Lancaster was appointed in his place. Johnson appealed from the judgment removing him, but his appeal was dismissed, on the ground that the question as to who should be appointed receiver of a corporation was left to the discretion of the judge having the receivership in charge, and therefore that there was no right in any one to appeal from a judgment removing a receiver and appointing some one else in his place. General Motors Truck Co. v. Caddo Transfer & Warehouse Co., 176 La. 181, 145 So. 372.

After Johnson's appeal was dismissed, and, while an application for a rehearing was pending, he filed an account of the business which he had done as receiver of the corporation, showing a net loss of $31,992.47. Several creditors of the corporation then proceeded by rule against Johnson and Lancaster to show cause why the receivership should not be terminated, the property sold, and the proceeds distributed among the creditors. The petition was signed by eight creditors having claims amounting to $3,587.94 against the corporation and eleven creditors having claims amounting to $341.85 against the receivership, but the eleven creditors of the receivership were paid promptly when Lancaster qualified, and they are not parties to this appeal. The petition of the eight creditors of the corporation was opposed by other creditors of the corporation and of the receivership, having claims exceeding $30,000. and was opposed also by Lancaster, but not by Johnson. After hearing evidence on the rule, the judge dismissed it. The eight complaining creditors have appealed.

Johnson and an auditor named Hemperly testified that the business of the corporation could not be conducted profitably by Lancaster as receiver; but their testimony was contradicted by that of Lancaster, by that of R. H. Frost, who made the audit

which brought about Johnson's removal, and by that of H. C. McCall, who had handled the operating end of the corporation's business for sixteen years. When Johnson testified that Lancaster could not conduct the business of the corporation profitably, he (Johnson) had already organized a new corporation, styled Caddo Warehouse & Transport Corporation, engaged in the same character of business which the defunct Caddo Transfer & Warehouse Company ·had done. Besides, the loss of $31,992.47 shown on Johnson's account is strangely near the amount, $31,837.04, which Frost's audit showed Johnson failed to account for. Be all of that as it may, the judge who has charge of this receivership has found the evidence sufficient to justify Lancaster's continuing the business of the corporation as a going concern until he has had time to demonstrate whether he can carry it on profitably. The question whether the business of a corporation in the hands of a receiver should be carried on by the receiver as that of a going concern, or should be terminated and the affairs liquidated, is a matter so largely within the discretion of the judge who appointed the receiver that an appellate court should never interfere unless there is an abuse of that discretion. There is no such showing in this case.

The judgment is affirmed.