179 So. 843

GENERAL MOTORS TRUCK CO. OF LOUISIANA, Inc., v. CADDO TRANSFER & WAREHOUSE CO., Inc.

No. 34335.

March 7, 1938.

Robert A. Crain and Edwin L. Blewer, both of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellees Atlas Pipeline Corporation, Sparco Gasoline Co., Inc., and Sparco 707 Tire Co., Inc.

ROGERS, Justice.

On March 8, 1930, W. H. Johnson, was appointed receiver of the Caddo Transfer & Warehouse Company, Inc., and some months thereafter, at the instance of certain creditors of the corporation, he was removed from the office, L. Tompkies Lancaster, being appointed in his place. General Motors Truck Company v. Caddo Transfer & Warehouse Co., 176 La. 181, 145 So. 372.

Mr. Lancaster took charge of the receivership on April 15, 1932, and on May 4, 1936, under an order of court issued upon the application of the Atlas Pipeline Corporation, he filed his final account and tableau of distribution, showing funds on hand to the amount of $14,523.65, which were deposited in the registry of the court.

A joint opposition was filed to the account and tableau of distribution by the Atlas Pipeline Corporation, holding receiver's certificates in the amount of $6,500 and the Sparco Gasoline Company, Inc., and Sparco 707 Tire Company, Inc., as the holders of twenty-eight dishonored checks of the receiver, amounting to $1,103.69, for merchandise sold and delivered to the receivership.

The trial judge rendered a judgment on the opposition, approving and homologating the account and tableau of distribution of the receiver, except as to the item of $1,500 to be paid as a receiver's fee, which item was rejected and ordered stricken from the tableau of distribution. The receiver, L. T. Lancaster, appealed to the Court of Appeal for the Second Circuit, which court ex proprio motu, because of lack of jurisdiction, transferred the case to this court. General Motors Truck Company v. Caddo Transfer & Warehouse Company, 172 So. 178.

On June 8, 1935, a fee of $1,000 was allowed by the court to the receiver, L. T. Lancaster. The fee of $1,500 for which the receiver placed himself on the account is in addition to the fee of $1,000 previously received by him.

The first position taken by the opponents is, that the receiver, L. T. Lancaster, is not entitled to any additional compensation, because of his mismanagement and neglect of the affairs of the receivership. Their second position is, that the receivership certificates held by the Atlas Pipeline Corporation prime any fee that might be due the receiver.

We think the first position taken by opponents is well founded, and for that reason it will not be necessary to discuss the question raised under the second position assumed by them.

The record discloses that on October 1, 1934, the receiver, L. T. Lancaster, without

advising or securing the authority of the court which appointed him, ceased to operate the corporation in receivership as a going concern, and that thereafter he paid little attention to the business of the receivership, being absent from Shreveport, on other business, a large portion of the time.

From April 1, 1934, until December 31, 1935, the receiver failed to file his quarterly accounts as required by law. These accounts were not filed by the receiver until March 2, 1936, and then only under an order of court issued on February 12, 1936, on the application of the Atlas Pipeline Corporation, one of the opponents herein. On May 4, 1936, the receiver filed the tableau of distribution, wherein he proposed to distribute the sum of $14,523.65 on deposit in the registry of the court, which was opposed by the appellees. Of the fund of $14,523.65, which the receiver proposed to distribute, $12,962.95 were realized solely through the efforts of the attorneys for the receiver in a protracted and expensive litigation conducted and financed by them against W. H. Johnson, the former receiver, and his surety, the Fidelity & Deposit Company of Maryland. None of this money was handled by the receiver. The money was collected from the surety company by the receiver's attorneys and deposited by them in the registry of the court on May 4, 1936, under an order of court dated March 6, 1936.

The receiver at first kept a bank account, but later abandoned that and kept the money belonging to the receivership in his lockbox, in which he also kept some of his own funds. Nine checks, totaling the sum of $309.91, were issued by the receiver to the Sparco Gasoline Company, Inc., and nineteen checks, totaling the sum of $893.78, were issued by the receiver to the Sparco 707 Tire Company, Inc. All these checks were dishonored.

On September 30, 1934, the fixed assets of the receivership were $85,949.49, with a total liability of $21,456.35. But on December 31, 1935, the assets of the receivership had shrunk to the insignificant sum of $225, whereas the total liability of the receivership had increased to $21,557.60. At no time within the period beginning with September 30, 1934, and ending with December 31, 1934, did the receiver in any manner direct the attention of the court to the shrinkage and disappearance of the assets which was taking place.

In view of these facts, the trial judge held that the receiver was not entitled to the fee of $1,500 claimed by him under 'his tableau of distribution.

■ Mr. Lancaster, as receiver, was an officer of the court, and the judgment of the court in rejecting the additional fee claimed by him as receiver is presumptively correct. This presumption is strengthened rather than weakened by the evidence in the record.

■ In Re Sheets Lumber Company, 52 La.Ann. 1337, 27 So. 809, this court said: "Where a receiver shows want of capacity in the management of property intrusted to him, and a lack of appreciation of his obligations as receiver, his claim for compensation may be rejected or reduced."

In view of the facts as disclosed by the record, we think the claim of the receiver for an additional fee of $1,500 was properly rejected by the trial judge.

For the reasons assigned, the judgment appealed from is affirmed.

HIGGINS, J., absent.