This is a suit to have declared null and void an oil and gas lease covering property situated in the Parish of St. Mary, *Page 35 
State of Louisiana, for violation of certain provisions contained therein. Plaintiffs allege that defendants, after the discovery of oil, permitted the production thereof to cease for a period of 60 days without commencing additional drilling or reworking operations and failed to drill certain off-set wells.
Plaintiffs, Lussan M. Bercegeay, Margaret Averill, H. Merlyn Christie, J. M. Campbell, Mrs. Bessie Belle Hertel, Bessie Belle Fairchild, H. G. Hertel, C. A. Hertel, G. E. Hertel, and Mrs. Mary Louella Hertel Frick, as owners of the property covered by the lease, instituted this suit on August 22, 1942, in the Sixteenth Judicial District Court, Parish of St. Mary, against Techeland Oil Corporation in receivership and Knisely Oils, Inc., also in receivership, transferees of the oil and gas lease in question.
Both Techeland Oil Corporation and Knisely Oils, Inc., had been placed in receivership in the Parish of Orleans by a judgment of the Civil District Court of that Parish rendered on April 14, 1942, and Elton J. Beaullieu had been appointed receiver of both corporations.
On November 9, 1942, Techeland Oil Corporation, through its duly appointed and qualified receiver, filed an answer of general denial to plaintiffs' petition. No exception or answer was filed in this suit by Knisely Oils, Inc., in receivership.
The case was tried on the merits in the Sixteenth Judicial District Court, Parish of St. Mary, on June 8, 1943, and taken under advisement by that court. *Page 36 
On January 17, 1944, the Civil District Court for the Parish of Orleans, Division "A," the court in which the receivership proceedings were being conducted, by judgment rendered in these proceedings (No. 244,322 on the docket of that court) authorized the receiver to accept the offer of William H. Talbot to purchase the lease in question, together with other leases and miscellaneous personal property, for the sum of $1000. Pursuant thereto, the receiver conveyed the lease by act of sale dated February 14, 1944, to William H. Talbot.
On February 24, 1944, after this case had been tried on its merits and taken under advisement by the Sixteenth Judicial District Court, Parish of St. Mary, William H. Talbot filed a petition of intervention in that court, alleging, among other things, that he had purchased from said corporations in receivership, and was the owner of, the lease in question, and praying for judgment dismissing plaintiffs' suit at their costs.
To this petition of intervention plaintiffs excepted on the grounds that it came too late and would retard the progress of the case, and that it did not disclose a cause or right of action.
On March 5, 1945, the district court rendered judgment decreeing the lease to be null, void, and of no effect, and dismissing the petition of intervention of William H. Talbot. From this judgment the receiver of Techeland Oil Corporation and of Knisely Oils, Inc., and William H. Talbot appealed to this court, both suspensively and devolutively. *Page 37 
In brief and in argument before this court, it is contended that the judgment rendered in this cause by the Sixteenth Judicial District Court, Parish of St. Mary, is a nullity, for the reason that this suit should have been instituted in the receivership proceedings of the defendant corporations in the Parish of Orleans; or, to express it differently, that the Sixteenth Judicial District Court, Parish of St. Mary, was without jurisdiction.
Article 162 of the Code of Practice provides that it is the general rule in civil matters that one must be sued before the judge having jurisdiction over the place where he has his domicile or residence. But this general rule has certain exceptions, one of which is concerned with actions relative to real property.
Act 205 of 1938 classified oil, gas, and mineral leases as real rights and incorporeal, immovable property, and provided that their ownership and possession could be protected and defended in the same manner as the ownership and possession of other immovable property. The court of the parish where the property subject to the lease is situated also has jurisdiction in an action to cancel and annul such oil and gas lease, as this is a real right and covered by the provisions of Article 163 of the Code of Practice, which is an exception to the rule that one must be sued at his domicile. Payne v. Walmsley, La.App.,185 So. 88.
Under this exception to the general rule, the Court of St. Mary Parish had jurisdiction in this suit provided it had not *Page 38 
been divested of jurisdiction, under Article 165, Subsection 3, of the Code of Practice, by the fact that the defendants, Techeland Oil Corporation and Knisely Oils, Inc., were in receivership in the Parish of Orleans, having gone into receivership prior to the institution of this suit. Article 165, Subsection 3, provides:
"Failure. In all matters relative to failure, all the suits already commenced, or which may be subsequently instituted against the debtor, must be carried before the court in whichthe failure has been declared." (Italics ours.)
An examination of Article 165 discloses that it contains 10 separate subsections, numbered one to 10, both inclusive, all being exceptions to the general rule that a defendant must be sued at his domicile. In some of the subsections the word "shall" or "must" is used with reference to jurisdiction, and in others a choice of jurisdiction is given. This leads us to the conclusion that, if no choice of jurisdiction is permitted, then the words in Subsection 3 "must be carried" are mandatory and mean that these proceedings "must be carried" before the Civil District Court for the Parish of Orleans, the court in which the failure has been declared, and consequently that the District Court for the Parish of St. Mary was without jurisdiction in this matter.
In the case of Board of Missions v. Craighead Co., Ltd., et al., 130 La. 1076, 58 So. 888, 889, this court, after quoting Article 165, Subsection 3, said: "The word `failure,' as thus used, means declared insolvency." *Page 39 
In that case, plaintiff had conveyed several tracts of land, situated in the Parish of St. Landry, to the Craighead Company for part cash and the balance on credit, the credit portion being represented by a note of the purchaser, secured by an act of mortgage on the property conveyed, containing the pactum de non alienando, imported confession of judgment, and the usual stipulations found in authentic acts of that character. The Craighead Company conveyed the tracts of land to the Port Barre Lumber Company, a corporation domiciled in the City of New Orleans, which corporation later went into the hands of a receiver by order of the Civil District Court for the Parish of Orleans.
Thereafter, plaintiff instituted suit in the Parish of St. Landry against the Craighead Company and the receiver of the Port Barre Lumber Company, to recover the amount of the note, with interest, attorney's fees, and costs, and to foreclose said mortgage and to have the vendor's privilege recognized on the tracts sold and conveyed. In this suit plaintiff also sued out a writ of sequestration, under which the land was seized. The Craighead Company made no defense, but the receiver of the Port Barre Lumber Company filed a motion to dissolve the writ of sequestration, alleging, among other grounds, that the property sought to be sequestered was in the hands of the Civil District Court for the Parish of Orleans, through its duly qualified receiver, and that therefore the district court of St. Landry Parish was without jurisdiction to sequester said property. The receiver filed also exceptions to *Page 40 
the jurisdiction of the court ratione personae and ratione materiae
The district court sustained the exception to the jurisdiction ratione personae but overruled the exception to the jurisdiction ratione materiae. The receiver, after reserving the benefit of his motion to dissolve and his exception to the jurisdiction ratione materiae, then answered, pleading the general issue. After trial the district court rendered judgment against the Craighead Company as prayed for, recognizing plaintiff's special mortgage on the land in question, and perpetuating the writ of sequestration. This judgment recited that the decree was in rem only and only against the Craighead Company, and ordered that the property be sold and that plaintiff be paid out of the proceeds of the sale the amount of its mortgage. From this judgment the receiver of the Port Barre Lumber Company appealed to this court.
This court annulled, avoided, and reversed the judgment appealed from, insofar as it maintained the writ of sequestration and ordered the sale of the mortgaged property, and ordered that the writ of sequestration be dissolved and that plaintiff's suit against the defendant receiver be dismissed. In effect, this court held that the motion to dissolve the writ of sequestration should have been sustained, and the exception to the jurisdiction ratione materiae maintained.
In the course of our opinion, we said:
"The receiver was appointed to preserve and administer the assets of the corporation *Page 41 
for the benefit of all concerned, as provided by paragraph 8, § 1, of Act No. 159 of 1898. The functions of such a receiver are analogous to those of a syndic or trustee of an insolvent or bankrupt estate. The appointment of a receiver is a species of exception or sequestration, which vests in the receiver, as the agent of the court, title to the property of the corporation, with the right of possession. State v. Ellis,108 La. 521, 32 So. 335; In re Receivership, etc., v. Cotton Mill Co., 109 La. 875, 33 So. 903; Blaise v. Security Brewing Co.,124 La. 979, 50 So. 816."
In that opinion, after quoting Article 165, Subsection 3, the court stated:
"As there is no difference in principle between the insolvency of an individual, and that of a bank, or other corporation, quoad, the administration and distribution of the assets by the court in which the insolvency has been declared, it may be presumed that the lawmaker intended that all suits relative to insolvent estates should be instituted before the same tribunal. This rule applies to successions, and to all other proceedings where there is a concursus creditorum."
Even though we have concluded that the court of St. Mary Parish was without jurisdiction, then, if the jurisdiction lacking was ratione personae, the plea of nullity urged herein is not well founded as to the Techeland Oil Corporation, for the reason that no exception to the jurisdiction whatsoever was filed in the lower court, this defendant having appeared and answered instead of declining the jurisdiction, and that therefore, under the provisions *Page 42 
of Article 93 of the Code of Practice, this defendant thereby waived any plea which it might have had to the jurisdiction ratione personae. This article provides that:
"If one be cited before a judge whose jurisdiction does not extend to the place of his domicile, or of his usual residence, but who is competent to decide the cause brought before him, and he plead to the merit, instead of declining the jurisdiction, the judgment given shall be valid, except the defendant be a minor."
This is not true, however, with reference to Knisely Oils, Inc., for the reason that it made no appearance in the lower court except to petition for, and receive, an order of appeal, both suspensive and devolutive, to this court.
In Mitcham v. Mitcham, 186 La. 641, 173 So. 132, 135, this court discussed Article 165, Subsection 1, of the Code of Practice, which deals with the partition of real property, and quoted this subsection, italicizing the words "must be brought" used therein with reference to the jurisdiction of such actions. This court concluded that jurisdiction in such cases is ratione materiae, saying:
"It is clear, therefore, that jurisdiction in such cases is ratione materiae, and it is well settled that, where jurisdiction ratione materiae is wanting, the court is constrained to say, ex proprio motu, that the district court which rendered the judgment was without jurisdiction. Tessier v. Robert Hart Littell, Testamentary Executor, 26 La.Ann. 602." *Page 43 
If the words "must be brought" in Article 165, Subsection 1, make the jurisdiction in such cases ratione materiae, the words "must be carried" in Article 165, Subsection 3, likewise confer jurisdiction ratione materiae, for there is no distinction in the meaning of these two provisions, both being mandatory in character.
The subject matter of this suit is the lease in question, with the right of possession thereof vested in the receiver as an agent of the court, and this subject matter was within the exclusive jurisdiction of the court appointing the receiver, in this case the Civil District Court for the Parish of Orleans.
Since we have concluded that the jurisdiction in this case is ratione materiae, it therefore follows that the receiver of Techeland Oil Corporation, even though he answered to the merits and did not except to the jurisdiction, did not and could not waive jurisdiction ratione materiae, as this exception cannot be waived, and this court can take cognizance of the lack of jurisdiction ex proprio motu. Dupey v. Greffin's Ex'r et al., 1 Mart., N.S., 198; Lafon's Ex'rs v. Lafon, 1 Mart., N.S., 703; Kerr v. Kerr et al., 14 La. 177; Foundation Finance Co., Inc., v. Robbins et al., La.App., 144 So. 293.
It is true that there is one exception to the mandatory provision of Article 165, Subsection 3, to the effect that all suits which have already been commenced or which may be subsequently instituted against the debtor must be carried before the court in which the failure has been declared, but this exception is by legislative *Page 44 
act. Act No. 15 of 1894 and Act No. 25 of 1902 provide that mortgage creditors holding a special mortgage containing the pactum de non alienando shall not lose their right of executory process upon the property of a debtor by reason of a cession of property or the appointment of a receiver, but that in such cases the right shall continue and may be exercised against the syndic or receiver.
This court, in the case of W. W. Carre Co., Ltd., v. International Car Co., 128 La. 664, 55 So. 9, held that these rights may be exercised in the court of the parish in which the property is situated, even though the defendant was in receivership in another parish. According to the interpretation by this court, these two acts simply mean that the right of creditors holding such special mortgage to proceed by executory process shall not be affected by a receivership, or, in other words, that such creditors may proceed under existing rights just as if no receiver had been appointed. Were it not for the mandatory provision of Article 165, Subsection 3, such a creditor could proceed either within the jurisdiction where the property is situated or in that where the defendant has his domicile, under Article 163. By express legislative act, the mandate contained in Article 165, Subsection 3, to the effect that in all matters relative to failure all suits which have already been commenced or which may be subsequently instituted against the debtor must be carried before the court in which the failure has been declared, has been rendered inoperative insofar as the right to executory process is concerned, and the right to proceed by *Page 45 
executory process against a receiver outside the receivership is thus afforded such creditors.
In the absence of any legislative act on the subject, we think that the mandate contained in Article 165, Subsection 3, governs cases such as the one here under consideration, that is, an action to cancel an oil and gas lease against a corporation in receivership.
We are of the opinion that the plea of nullity of the judgment of the district court for the Parish of St. Mary is well founded, and that said court did not have jurisdiction in these proceedings.
We are familiar with the rule as laid down in Baldwin v. Cappel et al., 50 La.Ann. 315, 23 So. 303, that a suit may be instituted against a receiver outside the receivership proceedings if it is not one seeking to take property from the insolvent estate or to recover a money judgment against the insolvent or to subject his person to any process. But the case at bar does not fall within these exceptions, as it has for its purpose the cancellation of an oil and gas lease, the right of possession of which is in the receiver unless and until he is divested of it by some court of competent jurisdiction, a lease being incorporeal, immovable property and a real right.
Since we have concluded that the judgment rendered herein by the district court is a nullity for want of jurisdiction, we are not required to consider the merits of plaintiffs' contentions with reference to the nullity of the lease. *Page 46 
For the reasons assigned, it is ordered that plaintiffs' suit against the defendant corporations in receivership be dismissed; plaintiffs to pay all costs.
O'NEILL, C. J., recused.