595 So.2d 797 (1992)
STATE of Louisiana, ex rel. William J. GUSTE, Jr., Attorney General of Louisiana, and Fred Dent, Commissioner of Securities of Louisiana, Plaintiffs-Appellants,
v.
ALIC CORPORATION, et al., Defendants-Appellees.
No. 23251-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1992.
*798 Department of Justice by J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, for Attorney General of La., and Commissioner of Securities.
Breazeale, Sachse & Wilson by Van R. Mayhall, Jr., Robert L. Atkinson, Baton Rouge, for Director of Div. of Ins. for Missouri.
Campbell, McCrainie, Sistrunk, Anzelmo and Hardy by Burgess E. McCrainie, Jr., Metairie, for Commissioner of Ins. for Louisiana.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
SEXTON, Judge.
The Attorney General of Louisiana and the Commissioner of Securities of Louisiana appeal the district court's granting of exceptions of lack of subject matter jurisdiction filed by the receivers[1] of two insolvent insurance companies, one in Missouri and the other in Louisiana. We affirm.
ALIC Corporation (ALIC) is a holding company incorporated in Louisiana, with its principal place of business in Monroe, Ouachita Parish, Louisiana. Glen D. McCart was its president and owned a controlling interest in the corporation.
ALIC owned 100 percent of American Independence Life Insurance Company (AILIC), a Missouri insurance company, which was licensed to do business in Louisiana, as well as several other states. ALIC owned 100 percent of Independence Life Insurance Company (ILIC), a Louisiana insurance company. Each insurance company maintained its principal place of business in Monroe, Louisiana.

Louisiana Receivership Proceeding (ILIC)
On March 9, 1990, the Louisiana Commissioner of Insurance petitioned the Nineteenth Judicial District Court in East Baton Rouge Parish for an order of conservation and other injunctions regarding the books, records, and other assets of ILIC, as well as an injunction against any existing or prospective proceedings against the company. An order of conservation was entered the same day by the district court. On April 6, 1990, an order of liquidation was entered in that matter.

Missouri Receivership Proceeding (AILIC)
On March 9, 1990, the same day that ILIC was placed in conservatorship, the Missouri Commissioner of Insurance petitioned a Missouri state court for an order of seizure of the books, records, and other assets of AILIC, which order was granted the same day. On March 20, 1990, the Missouri court issued a new order giving the commissioner "temporary possession" of AILIC's assets, and the court issued an order of rehabilitation on March 30, 1990. The Louisiana Commissioner of Insurance was appointed as the "ancillary receiver" of AILIC on April 6, 1990, in a proceeding instituted in the Nineteenth Judicial District Court in East Baton Rouge Parish. In the same judgment in which the Louisiana Commissioner of Insurance was appointed as the ancillary receiver, the district court enjoined the "bringing or further prosecuting any action at law, suit in equity, special or other proceedings against the said company or its estate...." An order of liquidation was entered by the Missouri court on April 20, 1990.

Securities and Unfair Trade Practices Proceeding
Louisiana's attorney general's office had been receiving complaints from a number *799 of individuals across the state regarding questionable investment schemes perpetrated by ALIC, its subsidiaries, officers, and personnel.
On March 21, 1990, the Attorney General of Louisiana and the Commissioner of Securities of Louisiana filed suit in the Fourth Judicial District Court in Ouachita Parish against ALIC (the Louisiana holding company), AILIC (the Missouri insurance company), ILIC (the Louisiana insurance company), and the directors, officers, and personnel of those corporations, as well as other corporations whose identities and involvement are not germane to the issues before this court. This lawsuit alleged that the defendants had violated Louisiana's securities laws and had committed unfair and deceptive trade practices. In this suit the plaintiffs obtained a temporary restraining order against certain actions of ILIC and AILIC which was eventually continued in effect by agreement of the parties after the intervention of the receivers.
The two insurance commissioners intervened in this proceeding and eventually filed exceptions of subject matter jurisdiction, as well as other exceptions, only insofar as AILIC, ILIC, and the commissioners were concerned. After hearing arguments and taking the matter under advisement, the district court granted the exceptions and dismissed only those parties from the Fourth Judicial District Court case.
The attorney general and commissioner of securities now appeal, arguing that the district court erred in dismissing them, and further arguing that the district court confused the concept of venue with that of subject matter jurisdiction. The appellees argue that the district court was correct and argue that a receivership is analogous to a bankruptcy proceeding wherein all claims against the defendant insurance company must be filed in the receivership proceeding.
Because one of the insurance companies involved is a domestic insurance company and the other is a foreign insurer which is licensed to do business in Louisiana, the law which applies to a resolution of the issues presented is found in different sections of Title 22 of the Louisiana Revised Statutes, the Louisiana insurance code, although the applicable legal principles are the same, as is the outcome.

ILIC
Receivership proceedings for Louisiana insurance companies are governed by LSA-R.S. 22:732-756.1.[2] This statutory scheme for receiverships is comprehensive and exclusive. LeBlanc v. Bernard, 554 So.2d 1378 (La.App. 1st Cir.1989), writ denied, 559 So.2d 1357 (La.1990). Louisiana's scheme for liquidating insolvent insurers is very similar to proceedings in bankruptcy. Crist v. Benton Casing Service, 572 So.2d 99 (La.App. 1st Cir.1990), writ denied, 573 So.2d 1143 (La.1991).
Unlike bankruptcy proceedings, however, wherein all proceedings involving the debtor are automatically stayed by operation of law, with certain enumerated exceptions, 11 U.S.C. § 362(a)(4), the state district court wherein the receivership proceedings are initiated has the authority to issue broad injunctions to insure that the integrity of the receivership proceeding is maintained. LSA-R.S. 22:734.
Following the filing of the petition, the law requires the district court to hold a hearing to determine whether to order that the insurance company be rehabilitated or liquidated, or whether the proceeding be dismissed. If rehabilitation or liquidation is ordered, the commissioner of insurance is vested by operation of law with title to all property, contracts, and rights of action of the insurer as of the date of the order directing rehabilitation or liquidation, and the district court granting the order shall direct the commissioner to take possession of the property, business, and affairs of the insurer and to rehabilitate or liquidate it as the case may be. LSA-R.S. 22:735. The statutes provide for the filing of claims, LSA-R.S. 22:748, priority of claims and setoffs, LSA-R.S. 22:746-7, and the proof and *800 allowance of liquidated and contingent claims, LSA-R.S. 22:749.
In the instant case, the commissioner of insurance obtained from the Nineteenth Judicial District Court in East Baton Rouge Parish on March 9, 1990, an order of conservation and other injunctions regarding the books, records, and other assets of ILIC, as well as injunctions regarding proceedings already initiated, as well as prospective proceedings against the company. The order which was issued went as far as LSA-R.S. 22:734 authorized. Specifically, with regard to the issue before this court, the district court ordered
(d) that all individuals and entities are enjoined from instituting or taking further action in any suits or proceedings against Independence Life Insurance Company and all suits and seizures against Independence Life Insurance Company are hereby stayed.
Clearly, this order applied to all individuals and entities and neither the attorney general nor the commissioner of securities has put forth any valid reason or cited any authority why this injunction should not apply to them.

AILIC
In 1948 Louisiana adopted the Uniform Insurers Liquidation Act (UILA), LSA-R.S. 22:757-763, an act which has, to date, been enacted by 26 states, including Missouri,[3] as well as Puerto Rico and the Virgin Islands. LSA-R.S. 22:757. This act provides a uniform, orderly, and equitable scheme for making and processing claims against insolvent insurers and its purpose is to provide a fair procedure to distribute the assets of the insolvent insurer. Crist v. Benton Casing Service, supra. The act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enacted it. LSA-R.S. 22:763.
In a delinquency proceeding in a reciprocal state against an insurer domiciled in that state, claimants against such insurer, who reside within this state may file claims either with the ancillary receiver, if any, appointed in this state, or with the domiciliary receiver. LSA-R.S. 22:760. Hence, from the moment a receiver is appointed, all claims against the insolvent insurer must be presented either to the domiciliary receiver or to an ancillary receiver appointed in the reciprocal state. Martin Insurance Agency, Inc. v. Prudential Reinsurance Company, 910 F.2d 249 (5th Cir.1990).
In the instant case, the Missouri Commissioner of Insurance was appointed as AILIC's receiver on March 9, 1990. The Louisiana Commissioner of Insurance was appointed as AILIC's ancillary receiver in a proceeding filed in the Nineteenth Judicial District Court in East Baton Rouge Parish on April 6, 1990. In the process, the commissioner obtained an order similar to that issued in the ILIC proceeding. The case below was filed in the Fourth Judicial District Court in Ouachita Parish on March 21, 1990, between the date of the appointment of the domiciliary receiver and that of the ancillary receiver.
Prior to the appointment of the ancillary receiver on April 6, 1990, the only individual with any authority over any of the assets of AILIC or subject to any claim as a consequence of any liability or debt of AILIC was the Missouri Commissioner of Insurance. Cf. Miner v. Punch, 838 F.2d 1407 (5th Cir.1988), regarding the appropriate person upon whom to serve process where a domiciliary receivership has been instituted against a foreign insurer and no ancillary receivership has been instituted. Subsequent to the appointment of the Louisiana Commissioner of Insurance as the ancillary receiver, an individual or entity with a claim against AILIC could choose between the domiciliary receivership proceeding in Missouri or the ancillary receivership proceedings in Louisiana as the appropriate forums in which to file a claim.

*801 SUBJECT MATTER JURISDICTION
The linchpin of appellants' argument is that the district court confused the concept of venue, which can be waived, with that of jurisdiction ratione materiae, which cannot be waived or consented to by the parties to a proceeding. LSA-C.C.P. Art. 3. Appellees call this court's attention to the case of Bercegeay v. Techeland Oil Corporation, 209 La. 33, 24 So.2d 242 (1945), wherein the supreme court held that the disposition of a mineral lease must be determined in the receivership proceedings of the defendant corporation rather than in the parish where the immovable property under the lease was located.
The result in Bercegeay was based upon La.Code of Prac. Art. 165(3), which provided:
Failure. In all matters relative to failure, all the suits already commenced, or which may be subsequently instituted against the debtor, must be carried before the court in which the failure has been declared.
This article has not been replaced by a similar provision in the Code of Civil Procedure. However, LSA-R.S. 22:733(13) provides that it is the commissioner of insurance that petitions the district court to place a domestic insurance company into receivership and the commissioner may choose East Baton Rouge Parish or the parish of the insurance company's principal place of business, in the instant case, Ouachita Parish. Although the UILA does not contain a similar provision regarding which courts may hear ancillary receiverships for foreign insurers, the Act expressly provides that controverted claims by Louisiana residents against foreign insurers in receivership can be filed in the ancillary proceeding "in the manner provided by the law of this state for the proving of claims against insurers domiciled in this state." LSA-R.S. 22:760 B. Whereas this article does not expressly provide for subject matter jurisdiction, it is apparent that the Act contemplates that ancillary receiverships of foreign insurers licensed to do business in Louisiana proceed in the same or a similar manner to receiverships for domestic insurers, except where otherwise provided for in the Act.
Under the particular facts of these cases, the Fourth Judicial District Court was correct in granting the exceptions of lack of subject matter jurisdiction filed by the receivers of AILIC and ILIC. Once the receivership proceedings were instituted, subject matter jurisdiction was vested in the Nineteenth Judicial District Court in East Baton Rouge Parish for any and all claims against ILIC and any claims against AILIC had to be presented in either the domiciliary receivership proceeding in Cole County, Missouri or in the ancillary receivership proceeding in the Nineteenth Judicial District Court in East Baton Rouge Parish.[4]
In the domestic receivership proceeding for ILIC, the district court having jurisdiction over the receivership had issued an order pursuant to LSA-R.S. 22:734, enjoining all individuals and entities from instituting or taking further action in any suits or proceedings against ILIC and staying all suits and seizures against ILIC. Once that order was issued, the Fourth Judicial District Court in Ouachita Parish no longer had any power or authority with regard to ILIC. Cf. Scott v. Baton Rouge Bus Company, 118 So.2d 486 (La. App. 1st Cir.1960), where the appellate court held that it could not review a quantum award against the bus company's liability insurer, a codefendant, once receivership proceedings were instituted against the insurance company, even though the case had been lodged with the court of appeal prior to the institution of the receivership proceedings.
*802 In the matter of AILIC, once the domestic receivership proceeding had been filed in Cole County, Missouri and that state's insurance commissioner had been appointed as AILIC's receiver, the subject matter jurisdiction was vested in that court, and subsequently the Nineteenth Judicial District Court in East Baton Rouge Parish where the ancillary receivership was filed, and any other district court was without subject matter jurisdiction to hear any claims against that company. Cf. Krueger v. Taylor, 546 So.2d 1317 (La.App. 3rd Cir.1989), where it was held that the Louisiana district court was not deprived of subject matter jurisdiction over an insolvent Texas insurance company despite that the insurance company had gone into receivership in Texas, where Texas is not a reciprocal state under the UILA.
As part of this issue, the attorney general argues that, as intervenors, the receivers of the two companies were precluded from complaining about the venue of the proceeding. LSA-C.C.P. Art. 1094. However, as we have previously noted, the court in which the proceeding is to be brought in this type of proceeding is actually an issue of subject matter jurisdiction rather than venue. Accordingly, the receivers of ILIC and AILIC were not precluded from challenging the propriety of the Fourth Judicial District Court proceeding insofar as it affected those two insurance companies.

CONCLUSION
Based upon the well-established statutory law, as well as the existing jurisprudence, scant though it may be, we conclude that the district court was correct in dismissing ILIC and AILIC, as well as their receivers, from the instant case. Any and all claims against these two insurance companies must be raised against them in the receivership proceedings. The district court judgment is affirmed. Costs are assessed to appellants to the extent allowed by law.
AFFIRMED.
NOTES
[1] For ease of discussion, we will occasionally use the terms "receiver" and "receivership" throughout this opinion, rather than the more precise terms reflecting that the insurance companies were technically in the state of conservation, rehabilitation, or liquidation.
[2] The Louisiana Legislature amended and reenacted these provisions in Acts 1991, No. 1031, § 1, effective January 1, 1993, and they may be found at LSA-R.S. 22:812, et seq.
[3] See Mo.Ann.Stat. §§ 375.950 to 375.990.
[4] We further note that much of the relief sought against ILIC and AILIC, such as an injunction against the companies to prevent the continuance of unfair trade practices or securities violations or injunctions against the removal, transferring, concealing or destroying of business records, is no longer available since the commissioners of insurance were vested by operation of law with title to all property, contracts and rights of action of the insurers. LSA-R.S. 22:735. Thus, all the claims raised by the attorney general and the commissioner of securities were subsumed into the receivership proceedings and claims by the aggrieved parties may be filed therein. LSA-R.S. 22:748-9; 22:760.