DUFRESNE, Judge.
This is an appeal by Commercial Bank and Trust Company (CBT) contesting the issuance by the trial court of a permanent injunction prohibiting CBT from proceeding by executory process against a house mortgaged to them by Christian Eichhorn.
Because we find that CBT waived its right to proceed by executory process when it moved to consolidate its petition for executory process with an ordinary proceeding then pending between the same parties in another division of the same district court, we remand this case for trial on the merits as an ordinary proceeding with the companion case.
The pertinent facts are these. Eichhorn borrowed some forty thousand dollars from CBT to open a business and mortgaged his house to secure this loan. The funds from this loan were placed in a checking account at the bank. Sometime in July, 1984, Eich-horn learned that checks written on the account were being returned for lack of sufficient funds. He began making inquiries, and discovered that the account was depleted. He alleges that the bank improperly paid over $18,000 on checks on which his name was either forged or missing. When the bank refused to credit his account in this amount, he filed suit for return of these funds, as well as other damages. He also sought an injunction preventing the bank from proceeding by executory process against his house. The trial court issued a temporary restraining order against seizure and sale of the house.
The bank denied the allegations of the petition, and urged the exception of prematurity as to the injunction on the grounds that no petition for executory process had yet been filed. However, before the exception could be heard, CBT did file its petition for executory process. It also filed a Motion to Consolidate, which recited that Eich-horn’s pending suit involved common issues of law and fact with its petition for exec-utory process, and that the ends of justice would best be served by consolidation of the two cases for trial, and a determination of all issues at one and the same time. This motion was granted.
The matters were then set for a hearing on whether a preliminary injunction should issue. After that hearing, the trial court issued a permanent injunction without bond preventing CBT from proceeding by exec-utory process. He further ordered that the executory process suit be converted to an ordinary proceeding.
CBT now appeals alleging basically that the permanent injunction was wrongfully issued and in the alternative, that if the injunction was properly issued, Eichhorn should be required to post a bond. Although the record indicates that the injunction without bond may have been improperly issued, we hold that this issue is moot.
Article 2644, of the Code of Civil Procedure, provides that a plaintiff in an executory proceeding may convert it to an ordinary proceeding. This may be done either explicitly by amending the pleadings, or implicitly by taking some action which evinces an intent on the plaintiff’s part to proceed ordinarily against the mortgagor, Meadow Brook National Bank v. Lafayette Royale Apts., Inc., 187 So.2d 793 (La. *19 App. 3rd Cir.1966). In the present case, CBT moved for consolidation of its petition for executory process with an ordinary suit filed by Eichhorn, and urged that these suits be tried together. In this court’s opinion, that motion was an implicit conversion of the executory proceeding to an ordinary one, and once granted precluded CBT from converting it back to an executory proceeding, LSA-C.C.P. art. 2644, par. 2. and of course, once that conversion took place, there was no longer an executory proceeding before the court, and therefore no injunction stopping such a proceeding could issue.
We also note that because the trial court lacks authority to convert an exec-utory proceeding into an ordinary one, without the plaintiffs consent, the trial court’s judgment is erroneous in so far as it purports to do that. However, a review of the entire record convinces us that the intent of the trial court was to recognize that CBT had waived its right to proceed by executory process, and that the two suits were properly to be tried together as an ordinary proceeding.
For the foregoing reasons, the permanent injunction is hereby adjudged moot, and the case is remanded for trial on the merits, as consolidated, by ordinary proceedings.
AMENDED AND REMANDED.