WICKER, Judge.
Earl H. Smith, Jr. and his wife, Marianne Ross Smith, appeal a summary judgment in favor of the Federal Deposit Insurance Corporation, as receiver for Bankers Trust of Louisiana, a now-defunct bank. We reverse and remand.
Mr. and Mrs. Smith, on behalf of Win-field Jewelers, Inc., executed a collateral chattel mortgage and promissory note to secure the debt of the corporation to Bankers. They also personally executed a collateral mortgage and note, with their house in Kenner as security, for the same purpose. These security instruments were executed on June 19, 1984, and pledged to Bankers.
Winfield Jewelers failed to pay the debt when owed, and Bankers instituted exec-utory proceedings against it on July 28, 1986, asking for seizure and sale of the inventory of the store. The judge signed the order granting executory process, and shortly thereafter the Smiths were notified of their right to appoint an appraiser for the jewelry. The inventory was sold and this proceeding was concluded without an appeal.
Bankers also sued the Smiths personally on the $250,000.00 note and collateral mortgage on their house, asking for a writ of seizure and sale.. In the meantime, in a *706 separate proceeding, Mr. and Mrs. Smith were granted a temporary restraining order against further executory proceedings against their house because of defects in the procedure. The judge consolidated the two cases. Banker’s then petitioned, on March 23, 1987, to convert its executory process against the house to ordinary process.
FDIC, as receiver for Bankers, was substituted as party plaintiff on July 24, 1990. It moved for partial summary judgment against the Smiths’ house in rem for the balance of the debt. Pleadings and affidavits establish that the Smiths had a debt of $200,000.00; that they made some payments on the debt; that the sale of jewelry from Winfield Jewelers produced $88,-750.00; and that the Smiths owed a balance of $98,572.07, interest, and attorney’s fees. The judge decreed “that partial summary judgment in rem is granted ... and that a writ of seizure and sale shall issue forthwith....”
The Smiths complain of three alleged errors: the ordering of a writ of seizure and sale, the finding that the Deficiency Judgment Act does not apply, and a misinterpretation of La.R.S. 13:4106. FDIC concedes that a writ of seizure and sale is an improper remedy in an ordinary proceeding and asks that we grant instead a money judgment of $98,572.07, along with costs, interest, and attorney’s fees, so that it can then obtain a writ of fieri facias and foreclose on the house. FDIC argues that the judge was correct in finding that the Deficiency Judgment Act does not apply and that his application of La.R.S. 13:4106 is correct.
We hold that a writ of seizure and sale is an inappropriate remedy. FDIC must obtain a money judgment via ordina-ria and then execute on that judgment. We pretermit the other issues raised.
An order permitting the issuance of a writ of seizure and sale is allowed only “[i]f the plaintiff is entitled thereto.” La. C.C.P. art. 2638. Since FDIC is proceeding via ordinaria, it is not entitled to a writ of seizure and sale. Conversion to ordinary process waives the right to executory process. “When the mortgagee enforces a conventional mortgage by an ordinary proceeding, he must first obtain a judgment against the mortgagor and then execute the judgment.” La.C.C.P. art. 3722. We reverse the judgment ordering the writ of seizure and sale and remand the case for trial on the merits as an ordinary proceeding. See Eichhom v. Schneider, 479 So.2d 17 (La.App. 5th Cir.1985).
REVERSED AND REMANDED.